Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

0 6 - 0 3 8

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): STEPHEN R. WINN | | Docket or Case No.: 0103012308 |
| Place of Confinement: DELAWARE CORRECTIONAL CENTER 1181 PADDOCK RD SMYRNA 19977 | | Prisoner No.: 177957 |

| Petitioner (include the name under which you were convicted)  STEPHEN R. WINN | v. | Respondent (authorized person having custody of petitioner) SUPERIOR COURT OF THE STATE OF DELAWARE NEWCASTLE COUNTY  F I L E D |
|---|---|---|
| The Attorney General of the State of   DANAL ROBERTS | | JAN 2 0 2006 |

PETITION

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   SUPERIOR COURT OF THE STATE OF DELAWARE, NEW CASTLE COUNTY
   500 NORTH KING STREET, SUITE 10400 WILM, DE 19801

   (b) Criminal docket or case number (if you know): __0103012308__

2. (a) Date of the judgment of conviction (if you know): __FEBRUARY 22, 2002__.

   (b) Date of sentencing: __MAY 31, 2002__

3. Length of sentence: __47__

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒  No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: __KIDNAPPING 1st__
   RAPE 1st, ASSAULT 3rd, TERRORISTIC THREATENING ALSO CRIMINAL
   CONTEMPT OF A PROTECTION FROM ABUSE ORDER

6. (a) What was your plea? (Check one)

   (1)  Not guilty ☒          (3)  Nolo contendere (no contest) ☐

   (2)  Guilty ☐              (4)  Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
   charge, what did you plead guilty to and what did you plead not guilty to? __PLEAD GUILTY__
   TO ASSAULT 2Nd, PLEAD NOT GUILTY KIDNAPPING AND RAPE THREE
   COUNT, TERRORISTIC THREATENING, POSSESSION OF A DEALY WEAPON
   ROBBERY 1st

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ▣    Judge only ❑

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ▣   No ❑

8. Did you appeal from the judgment of conviction?

Yes ▣   No ❑

9. If you did appeal, answer the following:

(a) Name of court: _SUPREME COURT OF THE STATE OF DELAWARE_

(b) Docket or case number (if you know): _STATE No 27, 2005_

(c) Result: _AFFIRM_

(d) Date of result (if you know): _DECEMBER 8, 2005_

(e) Citation to the case (if you know): _STEELE CHIEF JUSTICE BERGER AND RIDGELY_

(f) Grounds raised: _THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT_

_ALLOWED INTO EVIDENCE VICTIMS PRIOR CONSISTENT STATEMENT_

_EVEN THOUGH SUCH EVIDENCE WAS NEEDLESSLY CUMULATIVE_

(g) Did you seek further review by a higher state court?   Yes ❑   No ▣

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❑   No ▣

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above. have you previously filed any other petitions.

applications. or motions concerning this judgment of conviction in any state court?

Yes ❏   No ■

11. If your answer to Question 10 was "Yes." give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application. or

motion?     Yes ❏   No ■

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ☐   No ☒

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion. give the same information:

   (1) Name of court: _____

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ☐ No ☒

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your

petition, application, or motion?

   (1) First petition:        Yes ☐   No ☐

   (2) Second petition:     Yes ☐   No ☐

   (3) Third petition:       Yes ☐   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _WHEN THE TRIAL COURT FAILED TO PROPERLY INSTRUCT THE JURY ON ALL THE ELEMENTS NEEDED TO BE PROVEN FOR THE CRIME OF_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _UNLAWFUL SEXUAL INTERCOURSE IN THE FIRST DEGREE AND WHEN THE TRIAL COURT FAILED TO GIVE A LESSER INCLUDED OFFENSE INSTRUCTION THAT THE COMPLAINANT WAS NOT DEFENDANT'S VOLUNTARY SOCIAL COMPANION WHICH IS ONE OF THE NECESSARY ELEMENT TO BE PROVEN IN ORDER TO CONVICT ON THE CRIME OF UNLAWFUL SEXUAL INTERCOURSE IN THE FIRST DEGREE THE DISPLAY OF A DEADLY WEAPON, IN THE COURSE OF COMMITTING A RAPE IS A NECESSARY ELEMENT IN A FINDING OF GUILTY OF UNLAWFUL SEXUAL INTERCOURSE IN THE FIRST DEGREE._

(b) If you did not exhaust your state remedies on Ground One, explain why: _____ _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _DEFENDANT CLAIMS THAT THE ISSUES RAISES NOW BY HIM WERE NOT RAISED ON HIS DIRECT APPEAL, DUE TO THE FACT THAT HIS COUNSELS FAILED TO RAISED THEM._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _RULE 61 POST-CONVICTION RELIEF_

Name and location of the court where the motion or petition was filed: _SUPERIOR COURT NEW CASTLE COUNTY 500 NORTH KING STREET WILM, DE 19801-3733_

Docket or case number (if you know): _010301 2308_

Date of the court's decision: _DECEMBER 27, 2004_

Result (attach a copy of the court's opinion or order, if available): _AFFIRMED RULE (i)(4)(i)(s.)_

(3) Did you receive a hearing on your motion or petition?

    Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

    Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _SUPREME COURT_

    _57 THE GREEN , DOVER , DE 19901-3611_

Docket or case number (if you know): _No. 27, 2005_

Date of the court's decision: _DECEMBER 8, 2005_

Result (attach a copy of the court's opinion or order, if available): _AFFIRMED RULE(i)(3) (i) (s)_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____ _____

GROUND TWO: _RIGHT TO LEGAL AND FAIR PROCEEDING, WHEN THE STATE_
_FAILED TO PROVE EVERY ELEMENT OF THE UNLAWFUL SEXUAL INTERCOURSE IN_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_THE FIRST DEGREE. TO CONVICT DEFENDANT THE STATE NEEDED TO_
_PROVE FOUR ELEMENTS BEYOND A REASONABLE DOUBT: THAD DEFENDANT HAD_
_SEXUAL INTERCOURSE WITH THE COMPLAINANT: THAT THE AGE OF THE COMPLAINANT_
_WAS LESS THAN SIXTEEN. THAT THE COMPLAINANT WAS NOT DEFENDANTS_
_VOLUNTARY SOCIAL COMPANION AND THAT DEFENDANTS CONDUCT WAS_
_INTENTIONAL_

*THE BURDEN OF PROOF IN EACH ELEMENT OF THE CHARGE OF UNLAWFUL SEXUAL INTERCOURSE IN THE FIRST DEGREE, THE PROSECUTION HAS NOT EVEN ESTABLISHED THAT A RAPE HAS EVEN OCCURRED.*

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: *DUE TO THE FACT THAT HIS COUNSELS FAILED TO RAISED THEM.*

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      Yes ☒  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: *RULE 61 POST-CONVICTION RELIEF*

    Name and location of the court where the motion or petition was filed: *SUPERIOR COURT NEW CASTLE COUNTY 500 NORTH KING STREET WILM, DE 19801*

    Docket or case number (if you know): *0/0301 2308*

    Date of the court's decision: *DECEMBER 27, 2004*

    Result (attach a copy of the court's opinion or order, if available): *AFFIRMED RULE (i) (ii) (iii) (5)*

_____

    (3) Did you receive a hearing on your motion or petition?

      Yes ☐  No ☒

    (4) Did you appeal from the denial of your motion or petition?

      Yes ☒  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☒  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: *SUPREME COURT OF THE STATE OF DELAWARE 57 THE GREEN DOVER, DE 19901-3611*

Page 9

Docket or case number (if you know): __NO. 27, 2005__

Date of the court's decision: __DECEMBER 8, 2005__

Result (attach a copy of the court's opinion or order. if available): __AFFIRMED (i)(3) (i)(6)__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

GROUND THREE: __RIGHT OF DUE PROCESS OF LAW AND RIGHT TO LEGAL__
__AND FAIR PROCEEDING, WHEN THE STATE FAILED TO PROVE EVERY ELIMENT__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
__OF THE KIDNAPING OFFENSE BEYOUD A REASONABLE DOUBT; COURT__
__DEMONSTRATION PLACING DUKE TAPE ON THE PROSECUTION'S TABLE, THEN__
__PULLING IT OFF, TESTIFY THAT RESIDUE THAT MATCH SAME TYP OF__
__RESIDUE, THE STATE NEVER INFORMED THE DEFENSE THAT IT WAS GOING__
__TO USE THIS TYP OF IN COURT DEMONSTRATION, THIS DEMONSTRATION__
__CLEARLY SHOWS THAT THE STATE HAS NOT PROVEN THE NECESSARY ELEMENTS THAT__
__WARRANT A SEPERATE INDEPENTED CHARGE OF KIDNAPPING.__
(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: __DUE TO THE FACT__
__THAT HIS COUNSEL'S FAILED TO RAISED THEM.__

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _RULE 61 POSTCONVICTION RELIEF_

Name and location of the court where the motion or petition was filed: _SUPERIOR COURT_ _OF THE STATE OF DELAWARE  500 N. KING STREET  WILM, DE 19801_

Docket or case number (if you know): _0103012308_

Date of the court's decision: _DECEMBER 27, 2004_

Result (attach a copy of the court's opinion or order, if available): _NO RECORD_ _SUPPORT FOR THOSE ALLEGATION.   AFFIRMED_

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _SUPREME COURT OF_ _THE STATE OF DELAWARE   57 THE GREEN  DOVER, DE 19901 - 3611_

Docket or case number (if you know): _NO. 27, 2005_

Date of the court's decision: _DECEMBER 8, 2005_

Result (attach a copy of the court's opinion or order, if available): _AFFIRMED RULE (j)(3) (i)(5)_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

GROUND FOUR: _RIGHT AGAINST SELF-INCRIMINATION AND RIGHT TO DUE_
_PROCESS OF LAW AND FAIR AND LEGAL PROCEEDING. OFFERED TAPE RECORDED_
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_COMMUNICATIONS BETWEEN THE VICTIM AND DEFENDANT INTO EVIDENCE_
_THAT WERE ILLEGAL AND INADMISSIBLE EVIDENCE, APPLICATION-ANY_
_APPLICATION FOR AN ORDER AUTHORIZING THE INTERCEPTION OF A WIRE,_
_ORAL OR ELECTRONIC COMMUNICATION SHALL BE MADE IN WRITING UPON_
_OATH OR AFFIRMATION TO A JUDGE. NOT WORKING WITH THE POLICE_
_DEPARTMENT OR MEMBER OF THE POLICE. IF SO, A COURT ORDER FROM_
_A JUDGE WOULD STILL BE NEEDED TO INTERCEPT THE DEFENDANTS COMMUNICATION._
(b) If you did not exhaust your state remedies on Ground Four, explain why: _____ _____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _COUNSEL'S FAILED_
    _TO RAISED THEM_ ___ ____ ____ ____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
    state trial court?      Yes ☒  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _RULE 61  POST-CONVICTION RELIEF_ _____

    Name and location of the court where the motion or petition was filed: _SUPERIOR COURT_
    _STATE OF DELAWARE 500 N. KING STREET WILM, DE 19801_

    Docket or case number (if you know): _0103012308_ ___ _____ _____

    Date of the court's decision: _DECEMBER 27, 2004_ _____

    Result (attach a copy of the court's opinion or order, if available): _AFFIRMED RULE (i)(2)_
    _(i)(4)(i)(6)_

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐  No ☒

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes." did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _SUPREME COURT_

_STATE OF DELAWARE 57 THE GREEN DOVER, DE 19901_

Docket or case number (if you know): _No. 27, 2005_

Date of the court's decision: _DECEMBER 8, 2005_

Result (attach a copy of the court's opinion or order. if available): _AFFIRM RULE(i)(3)_

_(i)(5)_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?      Yes ☒   No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _GROUND 7 IN THE PETITION OF INEFFECTIVE_

_ASSISTANCE OF COUNSEL · I RAISE CLAIM IN MY MEMORANDUM_

_GROUND 7 IS ONE OF THEM BUT IT NOT WITH MY 61 THEN IT CAME BACK ME._

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐   No ☒

## GROUND (5)

RIGHT TO DUE PROCESS OF LAW AND RIGHT TO CONFRONTATION, WHEN THE PROSECUTION OFFERED INTO EVIDENCE MEDICAL REPORT OF THE ALLEGED VICTIM AS BUSINESS RECORDS WITHOUT FIRST COMPLYING WITH THE RULES.
THE PROSECUTION DID DISCLOSE A PORTION OF THE MEDICAL REPORT TO THE DEFENSE THE DAY OF TRIAL, BUT NOT THE COMPLETE DOCUMENT, AND MUCH OF IT'S PHOTOCOPIED, "WAS UNREADABLE", WHICH CAUSE DEFENSE COUNSEL TO HAVE TO STOP IN THE MEDDLE OF HIS EXAMINATION OF THE PROSECUTION WITNESS MS. KUBEC TESTIMONY TO KEEP GOING OVER THE DOCUMENT.
A PARTY INTENDING TO OFFER A RECORD INTO EVIDENCE UNDER THIS PARA-
GRAPH MUST MAKE THE RECORD AND DECLARATION AVAILABLE FOR INSPECTION
SUFFICENTLY IN ADVANCE OF THEIR OFFER INTO EVIDENCE TO PROVIDE AN
ADVERSE PARTY WITH A FAIR OPPORTUNITY TO CHALLENGE THEM ...

## GROUND (6)

THE TRIAL COURT COMMITTED PLAIN ERROR BY PERMITTING TESTIFY TO DEFEN-
DANT'S PRIOR BAD ACT. OTHER CRIMES, WRONGS OR ACTS, EVIDENCE OF OTHER
CRIMES, WRONGS OR ACTS IS NOT ADMISSIBLE. THIS WAS PREJUDICAL TO
THE DEFENDANT, BECAUSE THE DEFENDANT WAS NEVER ARRESTED, INDICTED
NEITHER WAS HE ON TRIAL FOR THESE OTHER PRIOR BAD ACTS, THERE WAS NO
EVIDENCE PRESENTED IN TRIAL THAT GAVE DATES, TIMES OR PROVE THAT THESE
ALLEGED BAD ACTS EVER OCCURRED. THE TRIAL COURT ALSO HAS A DUTY TO MAKE
SURE THAT THE DEFENDANT'S RIGHTS IN TRIAL ARE SAGEGUARDED BY ALL
PARTIES INVOLVED. WHEN THE COURT SAW COUNSEL TREADING IN DEEP WATER.
IT SHOULD HAVE INQUIRED INTO COUNSEL'S INTENT, TO

GROUND (6)

DETERMINED WHAT KIND OF TRIAL STRATEGY WOULD CAUSE DEFENSE COUNSEL TO ELICITE THIS TYP OF CHARACTER EVIDENCE, OR PRIOR BAD ACTS FROM THE ALLEGE VICTIM. IT WAS THE PROSECUTION WHC REFUSED TO STOP THE BLEEDING WHEN IT GAVE THE APPEARANCE TO THE JURY THAT THE DEFENDANT WAS ARRESTED AND INDICTED AND TRIED FOR MULTPLE ASSAULTS. THERE WAS NC LIMITING INSTRUCTION GIVEN TO THE JURY.

GROUND (7)

RIGHTS TO DUE PROCESS OF LAW AND RIGHT TO LEGAL AND FAIR PROCEED-INGS, WHEN THE PROSECUTION MADE IMPROPER COMMENTS TO THE JURY, WHICH IMPLIED DEFENDANTS GUILT. PROSECUTIONS COMMENTS WERE IMPERMISSABLE AND PREJUDICE THE DEFENDANT BECAUSE THESE IMROPER REMARKS COMPELLED THE JUROR'S TO FOCUS THERE ATTENTION ON THE DEFENDANTS MOTHER, AND HER REASON FCR WHY SHE DID NOT COME AND TESTIFY ON BEHALF OF HER SON, THE PROSECUTION MISSTATED THE FACTS TO THE JUROR'S THE DEFENDANT NEVER SAID ANY WERE IN THE RECORD THAT HE DIRECTLY TALK WITH HIS MOTHER. THE PROSECUTION STATED: "THERE'S ONLY ONE PERSON IN THIS TRIAL WITH NO SENSE OF ETHICS AND NC SENSE OF DIGNITY. AND THAT PERSON IS ALSO THE ONLY PERSON IN THE TRIAL THAT HAS A MOTIVE TO LIE. AND THAT'S STEPHEN WINN, THE PROSECUTION COMMENTS WAS IMPROPER AND IMPERMISSABLE, THE DEFENDANT NEVER ADMITTED TO TALKING WITH HIS MOTHER AND THE DEFENDANT'S MOTHER NEVER TOOK THE STAND TO OFFER INTO EVIDENCE ANY TESTIMONY DEALING WITH THESE ALLEGE CRIME.

THE PROSECUTION'S ACTIONS IN STATING THAT THE DEFENDANTS MOTHER REFUSED TO LIE FOR HIM, WENT WAY BEYOND THE VIOLATION OF HEARSAY EVIDENCE, BECAUSE HER COMMENTS WERE NONE - EXISTING. THE DEFENDANTS MOTHER NEVER TESTIFIED IN EVIDENCE.

GROUND (8)

THE DEFENDANT WAS DENIED HIS 5TH AND 14TH AMENDMENT RIGHT TO DUE PROCEESS OF LAW AND HIS 6ST AMENDMENT RIGHT TO LEGAL AND FAIR PROCEEDING, WHEN PROSECUTOR MADE IMPROPER COMMENTS OF USING FALSE OR MISLEADING EVIDENCE TO THE JURY WHICH INFERRED GUILT, IN THE PRESENTED OF THE JURY IN IT'S CLOSING MADE HARMFUR ERROR, STATED THAT YOU DON'T NEED TO BE BLOOD SPLATTER EXPERT TO KNOW THAT AIN'T WAY IT HAPPEN, COMMON SENSE TELL YOU, MISCHARACTERIZING THE EVIDENCE OR THE FACTS OF THE CASE TO THE COURT OR JURY IN IT'S CLOSING WAS TOTALLY CONTRARY TO THE DETECTIVE ACCOUNT OF HOW THIS ALLEGE CRIME OCCURRED. GROUND (8)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHEN R. WINN, | § | |
| | § | No. 27, 2005 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 0103012308 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 7, 2005
Decided: December 8, 2005

Before **STEELE**, Chief Justice, **BERGER** and **RIDGELY**, Justices

## O R D E R

This 8th day of December 2005, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The defendant-appellant, Stephen R. Winn, filed an appeal from the Superior Court's December 27, 2004 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61.[1] We find no merit to the appeal. Accordingly, we AFFIRM.

---

[1] Winn filed his original postconviction motion in September 2003. After receiving the original motion, the Superior Court requested Winn's counsel to file an affidavit addressing Winn's claims of ineffective assistance of counsel, which he did. Winn then filed a motion to supplement his original motion, which the Superior Court granted. Because the Superior Court's December 27, 2004 order failed to address Winn's supplemental grounds for relief, the Superior Court issued an additional order dated June 6, 2005, which addressed those grounds. Winn's supplemental claims having been

(2)    In February 2002, Winn was found guilty by a Superior Court jury of Rape in the First Degree, Kidnapping in the First Degree, the lesser-included offense of Assault in the Third Degree, Terroristic Threatening, and Criminal Contempt of a Protection From Abuse Order. He was sentenced to a total of 47 years incarceration at Level V. Winn's convictions and sentences were affirmed by this Court on direct appeal.[2]

(3)    In this appeal, Winn claims that: a) his counsel provided ineffective assistance by failing to provide zealous representation, conduct a meaningful investigation, pursue meaningful discovery, review a particular tape recorded statement, call necessary defense witnesses, and permit him to participate in jury selection; b) the judge failed to instruct the jury on the lesser-included offense of unlawful sexual intercourse in the first degree; c) there was insufficient evidence to support his kidnapping and rape convictions; d) a tape recording and medical records of the victim should not have been admitted into evidence; e) the victim should not have been permitted to testify to his prior bad acts; and f) the prosecution was improperly permitted to make inflammatory statements to the jury.

---

addressed by the Superior Court, his "motion for amended claims from unlawful Superior Court order" is hereby denied.

[2] *Winn v. State*, Del. Supr., No. 328, 2002, Berger, J. (Mar. 19, 2003).

(4)    In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[3]  Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[4]   A defendant asserting a claim of ineffective assistance of counsel is required to make concrete allegations of cause and actual prejudice or risk summary dismissal of the claim.[5]

(5)    Our review of the record in this case does not reveal any basis for Winn's ineffective assistance of counsel claim.  There is no evidence that any alleged error on the part of Winn's counsel resulted in any prejudice to Winn.

(6)    Before addressing the merits of Winn's remaining claims, we must determine if any of those claims is subject to the procedural bars of Rule 61.  Because Winn failed to raise his remaining claims in his direct

---

[3] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).
[4] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).
[5] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

3

appeal, they are procedurally barred in this proceeding.[6]  Winn's attempt to avoid the procedural bar by alleging ineffective assistance of counsel[7] and a "colorable claim" of a "miscarriage of justice"[8] is unavailing as there is no record support for those allegations.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Chief Justice

---

[6] Super. Ct. Crim. R. 61(i) (3).
[7] Super. Ct. Crim. R. 61(i) (3) (A) and (B).
[8] Super. Ct. Crim. R. 61(i) (5).

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                )
                                 )
        v.                       )    ID No.0103012308
                                 )
STEPHEN R. WINN                  )
                                 )
        Defendant.               )

Submitted: April 7, 2005
Decided: June 6, 2005

## On Defendant's *Pro Se* Motion for Postconviction Relief. DENIED.

### ORDER

Donald Roberts, Esquire, Deputy Attorney General, Wilmington, Delaware.

Stephen R. Winn, *pro se* Defendant, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware.

**CARPENTER, J.**

considering Defendant's argument, the Delaware Supreme Court concluded on March 19, 2003 that the Superior Court acted well within its discretion in admitting the victim's statement as affirmative evidence and affirmed its judgment.[4] On July 22, 2003, the Court denied Defendant's motion for modification of sentence.

On September 15, 2003, Defendant filed his original *pro se* motion for postconviction relief, in which he claimed that he was denied effective assistance of counsel and raised six grounds for relief. After receiving Defendant's motion for postconviction relief, this Court ordered John S. Edinger ("Counsel") to submit an affidavit responding to Defendant's allegations of ineffective assistance of counsel. On February 18, 2004, Counsel filed the affidavit in the form of a letter, refuting those allegations. Later, Defendant moved to amend his Rule 61 motion and the Court granted Defendant's motion on July 20, 2004. On Dec. 27, 2004, the Court issued an opinion addressing Defendant's initial six grounds for relief, however the Court inadvertently failed to consider the issues set forth in the amended petition. This order addresses the remaining claims.

3. As best as can be discerned, Defendant raises the following seven grounds for relief in his subsequent amended motion for postconviction relief, filed on June 28, 2004:

---

[4]*Id.*

3

(i)    Defendant was denied his 5th and 14th Amendment rights to due process of law, when the trial court failed to properly instruct the jury on all the elements needed to be proven for the crime of unlawful sexual intercourse in the first degree, and when the trial court failed to give a lesser included offense instruction;

(ii)   Defendant was denied his 5th and 14th Amendment rights of due process of law and 6th Amendment right to legal and fair proceedings, when the State failed to prove every element of the unlawful sexual intercourse in the first degree;

(iii)  Defendant was denied his 5th and 14th Amendment rights of due process of law, and his 6th Amendment right to legal and fair proceedings, when the State failed to prove every element of the kidnaping offense beyond a reasonable doubt;

(iv)   Defendant was denied his 5th Amendment right against self-incrimination, his 4th and 14th Amendment rights to due process of law, and his 6th Amendment right to fair and legal proceedings when prosecution offered tape recorded communications between the victim and Defendant into evidence that were illegal and inadmissible evidence;[5]

(v)    Defendant was denied his 5th and 14th Amendment rights to due process of law and his 6th Amendment right to confrontation, when the prosecution offered into evidence medical reports of the alleged victim as business records pursuant to D.R.E. 803(6) without first complying with D.R.E. 902(11)(C);

(vi)   Trial Court committed plain error by permitting the alleged victim to testify to Defendant's prior bad acts, without applying any of the requirements mandated by *Getz*, which denied Defendant of his 5th and 14th Amendment rights to due process of law and his 6th Amendment right to legal and fair proceedings;

---

[5]Rule 61(i)(3) bars claims not previously asserted. It is unclear from Defendant's motion whether this claim relates to the same statement which was raised on appeal. However, even if it was previously asserted, his claim is barred under Rule 61(i)(4), because it was formerly adjudicated in *Winn v. State*, 829 A.2d 142 (Del. 2003).

4

(vii) Defendant was denied his 5th and 14th Amendment rights to due process of law and his 6th Amendment right to legal and fair proceedings, when the prosecution made improper comments to the jury, which implied Defendant's guilt.

4. Before addressing the merits of any claims raised in a motion seeking postconviction relief, the Court must apply the procedural bars of Rule 61(i). [6] Generally, "any ground for relief that was not asserted in the proceedings leading to the judgment of conviction . . . is thereafter barred."[7] However, that bar is inapplicable when Defendant can establish a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[8] These exceptions are narrowly tailored and applicable only in limited circumstances.[9]

5. Having examined the substance of Defendant's claims, the Court concludes that Defendant has not carried his burden in establishing that he has been deprived of a substantial constitutional right that undermined the "fundamental legality,

---

[6] *See Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7] Super. Ct. Crim. R. 61(i)(4).

[8] Super. Ct. Crim. R. 61(i)(5).

[9] *See Younger*, 580 A.2d at 555.

5

reliability, integrity or fairness of the proceedings."[10]   All of the grounds raised in Defendant's amended motion are procedurally barred because he had the opportunity to raise them in his direct appeal to the Delaware Supreme Court and failed to do so.[11] In addition, the exceptions found in Rule 61(i)(4) and (5) are inapplicable since Defendant has failed to demonstrate a "colorable claim that there was a miscarriage of justice."[12]

This was a horrible case in which an innocent woman was brutally beaten with a baseball bat and sexually molested by the Defendant. The evidence as to Defendant's guilt was overwhelming and the sentence he received was appropriate. The evidence clearly supported the offenses which the jury found the Defendant guilty and there were no improper legal rulings that were inconsistent with the discretion given to this Court regarding evidentiary matters. The Defendant's conviction has not lead to a miscarriage of justice and as a result his claims are procedurally barred.[13]

---

[10]*Id.; See State v. Scott*, 2002 WL 485790, at *3 (Del. Super.).

[11]*See Winn v. State*, 829 A.2d 142 (Del. 2003).

[12]Super. Ct. Crim. R. 61(i)(5).

[13]According to *Younger*, 580 A.2d at 554, the Court should not consider the merits of a Defendant's claims where procedural bars exist.

6

6. For the foregoing reasons, the Court concludes that Defendant has not established grounds for relief and the motion is hereby **DENIED**.

IT IS SO ORDERED.

Judge William C. Carpenter, Jr.

"EFFECTIVE ASSISTANCE OF COUNSEL"

DEFENDANT COUNSEL'S REPRESENTATION WAS PERFUNCTORY AT BEST. RESULTING IN DEFENDANT BEING DENIED EFFECTIVE ASSISTANCE OF COUNSEL. LISTED BELOW ARE A NUMBER OF IMPROPERTIES COMMITTED BY DEFENSE COUNSEL. DEFENDANT ASSERTS THAT HAD NOT FOR THESE COMMITTED IMPROPERTIES THE OUT-COME OF THE TRIAL WOULD BEEN DIFFERENT.

GROUND ONE: MOVANT CLAIMS THE ALLEGED VICTIM COMMITTED PERJURY WHEN SHE TESTIFIED THAT SHE LEFT A MESSAGE ON THE DEFENDANT PAGER VOICE MAIL. MOVANT CLAIMS HIS TRIAL ATTORNEY HAD EVIDENCE TO IMPEACH THE VICTIM TESTIMO- NY BUT FAILED TO INTRODUCE THE EVIDENCE AT THE TIME OF TRIAL.

MOVANT CLAIMS THE DEFENSE COUNSEL'S AND THE PROTHONOTARY'S OFFICE AS WELL HAD THE EVIDENCE TO DISPUTE THE ALLEGED VICTIM'S TESTIMONY. THE EVIDENCE WAS A LEGAL BEEBER AND PAGER SHEET WHICH COME FROM THE SAME PAGER COMPANY THE ALLEGED VICTIM SAID SHE CONTACTED MOVANT ON JANUARY 15, 2001, WHICH WAS IMPOSSIBLE BECAUSE MOVANTS PAGER WAS DISCONNECTED... EXHIBIT MOVANT CLAIMS HIS COUNSEL WITH HELD FAVORABLE EVIDENCE IN THE FORM OF BRADY MATERIAL...

GROUND TWO: MOVANT CLAIMS HIS TRIAL ATTORNEY HAD EVIDENCE IMPEACH THE ALLEGED VICTIM TESTIMONY. AS WRITTEN IN THE POLICE REPORT TO SUPPORT THE CHARGE OF KIDNAP IN 1st DEGREE THE ARRESTING OFFICER SWORE UNDER OATH IN OPEN COURT UNDER THE PENALTY OF PERJURY THAT THE ACCUSED WOULD NOT ALLOW THE THE ALLEGED VICTIM TO LEAVE THE HOUSE FOR ANY REASON. EXHIBIT MOVANT CLAIMS THIS WAS UNTRUE BECAUSE AT TRIAL THE ALLEGED VICTIM STATED AT TRIAL THE ACCUSED WOULD COME AND GO IN THE COURSE OF THIS 3 DAY ORDEAL. THESE TESTIMONIES AT TRIAL CONTRADICTS WHAT WAS SWORN TO IN THE AFFIDAVIT OF PROBABLE CAUSE, OF THE POLICE, AND

THE DEFENSE ATTORNEY SHOULD HAVE MOVE TO DISMISS THE ILLEGAL CHARGES DUE TO THE FALSE AND MISLEADING POLICE REPORT AND _AFFIDAVIT_ DUE TO NEGLIGENCE OF COUNSEL HE WAS FOUND GUILTY. COUNSEL'S REFUSED TO MOTION THE COURT FOR A DISMISSAL ...

GROUND THREE: CLEARLY THIS EVIDENCE WAS NECESSARY AND NEEDED IN ORDER TO IMPEACH AND DISCREDIT ALL POINTS OF THE STATE'S CASE. THE DEFENDANT ASKED COUNSEL TO OBTAIN THE PHONE RECORDS, PHONE BILL, FROM THE ALLEGE VICTIM'S RESIDENCE AND THE DEFENDANT'S PHONE RECORDS FROM GANDER HILL PRISON. THE STATE HAS STATED ALLEGE VICTIM WAS AFRAID OF THE DEFENDANT AND THIS IS WHY SHE DID NOT BRING FORTH THESE CHARGES SOONER "TWO MONTHS LATER" THE PHONE RECORD FROM GANDER HILL PRISON WOULD SHOW THAT THE DEFENDANT AND ALLEGE VICTIM WAS IN CONSTANT COMMUNICATION. ALLEGE VICTIM TESTIFIED THAT SOMETIME SHE DID ACCEPT DEFENDANT PHONE CALLS. WITHOUT THIS EVIDENCE IT WAS IMPOSSIBLE FOR THE DEFENDANT TO PROVE AND TO CORROBRATE HIS TESTIMONY AND DEFENSE WITH THE KNOW FACTS. THE RECORDS FROM GANDER HILL PRISON WOULD SHOW THAT DEFENDANT MADE OVER 20 CALLS TO THE ALLEGE VICTIM AT THE SAME TIME EVERY TIME HE CALLED AND THE JUROR WOULD SEE THAT THERE WAS AN AGREED TIME FOR THE DEFENDANT TO CALL AND THAT THE DEFENDANT AND THE ALLEGE VICTIM HAD A ON GOING RELATIONSHIP. DEFENSE COUNSEL'S ACTIONS CLEARLY DENIED THE DEFENDANT OF EFFECTIVE ASSISTANCE OF COUNSEL ...

GROUND FOUR: MOVANT CLAIMS DEFENSE COUNSEL STATED THAT ALL EFFORT HAD BEEN MADE TO PRODUCE THE DEFENDANT'S WITNESSES. DEFENSE COUNSEL CALLED MR. WALKER TO THE STAND AS A WITNESS. THIS IS A FURTHER EXAMPLE OF DEFENSE COUNSEL'S LACK OF COMMUNICATION WITH THE DEFENDANT. THE DEFENDANT ASSERTS TO THIS COURT THAT HE NEVER DID ASK FOR MR. WALKER TO BE CALLED AS A WITNESS. DEFENDANT ASKED COUNSEL TOGET INTOUCH WITH MR.WALKER IN ORDER TOGET THIS WOMAN'S NAME FROM HIM SO THAT SHE WOULD BE SUBPOENAED IN ORDER

TESTIFY THAT THE DEFENDANT DID WORK ON HER CAR ON JANUARY 17, 2001 DEFENSE
COUNSEL FAILED To OBTAIN RELEVANT FACT FROM HIS CLIENT. HE FAILED To PURSUE
OBVIOUSE LEADS PROVIDED BY HIS CLIENT AND HE FAILED To COMPLETELY GATHER
CORROBORATING EVIDENCE FROM THE SOURCES HIS CLIENT GAVE To HIM.

GROUND FIVE: DEFENDANT ASKED DEFENSE COUNSEL To CALL AS A WITNESS NURE
THOMAS AND THE DOCTOR WHO CONDUCTED THE EXAMINATION OF THE ALLEGE VICTIM.
DEFENSE COUNSEL HAS A DUTY To CONDUCT AN INDEPENDENT INVESTIGATION INTo
THE ALLEDGE OFFENSES. COUNSEL NEVER EXPLORED / INVESTIGATION OR CALL EXPECT
WITNESS NURSE AND THE DOCTOR WHO CONDUCTED THE EXAMINATION OF THE ALLEGE
VICTIM, AT THE HOSPITAL.

COUNSEL OPEN THE DOOR To THIS LINE OF INQUIRY, IN DOING So COUNSEL STATED
THE NAME OF THE NURSE To THE JURY. THE RECORD REFLECTS THAT COUNSEL
STATED NURSE THOMAS NAME ON RECORD. COUNSEL MISLEAD THE COURT'S THAT
HE DIDN'T SAY NURSE THOMAS. IT APPEARS THAT UNDER CIRCUMSTANCES OF THIS
CASE. DEFENDANT WAS FACED WITH THE CHALLENGE OF UNDERMINING THE CERDIBIL-
ITY OF THE PROSECUTION STATEMENT. THERE WAS NO EXPERT PRESENT To GIVE
TESTIMONY To THE INFORMATION FOUND IN THIS MEDICAL REPORT OR To THE ALLEGE
VICTIM DEMEANOR OR CHARACTER ON THE DAY IN QUESTION.

COUNSEL'S FAILED To HAVE NURSE THOMAS AND THE ATTENDING PHYSICIAN PREPARED AND
READY To TESTIFY AT TRIAL. IT WAS NURSE THOMAS WHO TALKED WITH THE ALLEGE
VICTIM AND PREFORMED CERTAIN PARTS OF HER EXAMINATION ALONG WITH THE
ATTENDING PHYSICIAN. COUNSEL'S WAS INEFFECTIVE AT EVERY STAGE OF THESE
CRIMINAL PROCEEDING...

GROUND SIX: COUNSEL'S FAILED To UTILIZE TESTIMONY OF STATE EXPECT
WITNESS TESTIMONY WITHOUT HER NOTES. WHICH WOULD CONFIRM THE ALLEGE
VICTIM'S STATEMENTS To HER. AFTER STEPPED DOWN FROM THE STAND, LEAVING
THE COURT ROOM, MINUTES LATER HER NOTES WERE RECIEVED BY THE PROSECUTING
ATTORNEY.

COUNSEL'S REFUSE TO CALL THE EXPECT WITNESS BACK TO THE STAND TO CORROBRATE HER NOTES ABOUT HER TESTIMONY. COUNSEL FAILED TO CROSS EXAMINATION ABOUT NOTES ... NEVERTHELESS, DEFENSE COUNSEL'S FAILED TO SECURRE OBTAIN OR SHARE WITH DEFENDANT THE LITTLE DISCOVERY AND REFUSED TO ALLOW THE DEFENDANT TO VIEW THESE NOTES. DEFENDANT HAS MORE KNOWLEDGE OF THE SITUATION CENTERING AROUND THESE ALLEGE CRIMES, HE MAY HAVE NOTICED SOMETHING IN THESE NOTES THAT DEFENSE COUNSEL WAS UNWARE OF. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL,

GROUND SIX : COUNSEL FAILED TO OBJECT AND ASK FOR MISTRIAL WHEN THE PROSE-CUTION HAD AN TAPE RECORDED STATEMENT FROM THE POLICE DEPARTMENT OVER A YEAR AND DID NOT DISCLOSE THE TAPE RECORDED STATEMENT IN RULE 16 DISCOVERY DURING THE PRE TRIAL STAGES, THE JURY WAS SWORN IN AND THE FIRST WITNESS ALREADY TESTIFY AND AT THE END OF THE DAY OF TRIAL. THE PROSECUTION GIVE DEFENSE COUNSEL A AUDIO TAPE TO REVIEW.

### "BRADY WITH HELD"

THE DEFENDANT FIRST HEAR ABOUT THIS AUDIO TAPE WHEN HE ENTER THE COURT ROOM ON THE SECON DAY OF HAS TRIAL. THE DEFENDANT ASSERT THAT HE WAS MISLED BY THE COURT. UNINTENTIONALLY OR NOT. THE RECORD REFLECTS THAT NO ONE EVER MENTION ANYTHING ABOUT STATE WITNESS ROLE ON THE AUDIO TAPE WHILE THE DEFENDANT WAS PRESENT IN THE COURT ROOM. THE RECORD REFLECTS THAT THERE WAS THIRD PARTY ON THIS AUDIO TAPE. THE DEFENDANT ASSERTS TO THIS THAT COUNSEL NEVER ALLOWED THE DEFENDANT TO VIEW OR INSPECT THE AUDIO TAPE RECORDED STATEMENT. THE TRIAL COURT'S ACTIONS PREJUDICE THE DEFENDANT.

GROUND B : MOVANT CLAIMS HE GAVE HIS ATTORNEY A LIST OF WITNESSES. THE DEFENDANT WANTED KEVIN WINN, TO BE CALLED TO THE STAND AS A WITNESS BECAUSE HE WAS THE ONE WHO DROVE THE DEFENDANT TO PAGER PLUS AND CONFIRM THAT THE DEFENDANT DID BUY A NEW PAGER. WHEN PROSECUTING IN HIS CLOSING, THAT SOMEONE PAID MY PAGER BILL ON JANUARY 18th

KEVIN WINN WOULD ALSO TESTIFY TO THE FACT THAT HE DID SEE THE ALLEGE VICTIM COME LOOKING FOR THE DEFENDANT AT HIS HOME ON DIFFERENT OCCASSION, AND WHEN SHE CAME SHE WAS ALONE. DEFENSE COUNSEL REFUSED TO CALL KEVIN WINN TO THE STAND AS A WITNESS. KEVIN, TESTIMONY WAS IMPORTANT BECAUSE IT WOULD SHOW THE CHARACTER AND DEMEANOR OF THE ALLEGE VICTIM. KEVIN WOULD TESTIFY THAT ON THOSE DAY THAT SHE CAME LOOKING FOR THE DEFENDANT, THAT SHE DID NOT LOOK FEARFUL, DEMONSTRATING IT BY COMING ALONE. COUNSEL'S HAS A DUTY TO CALL FAVORABLE WITNESSES TO THE DEFENDANT DEFENSE. AT THIS POINT COUNSEL SHOULD HAVE KNOW WHAT LINE OF DEFENSE WAS GOING TO BE EMPLOYED AT TRIAL IF HE WAS ADQUATELY PREPARED. COUNSEL STATED: "I THINK I'VE SUBPOENAED LIKE TEN WITNESS. COUNSEL HAS CALLED THE WRONG WITNESS TO THE STAND. THIS IS A FURTHER EXAMPLE OF DEFENSE COUNSEL'S LACK OF COMMUNICATION WITH THE DEFENDANT. THE DEFENDANT ASSERTS TO THIS COURT THAT HE NEVER DID ASK FOR THESE WITNESSES MR. WALKER AND TONY OH TO BE CALLED AS A WITNESSES. DEFENDANT DON'T KNOW MR. TONY OH WHATSOEVER. DEFENSE COUNSEL'S WAS INEFECTIVE AT EVERY STAGE OF THESE CRIMINAL PROCEEDING COUNSEL HAS BEEN ASSIGNED TO THE DEFENDANT CASE FOR ABOUT A YEAR . . . COUNSEL FAILD TO INFORMED OR MADE AWARE THAT JURY SELECTION WERE TAKING PLACE. WHICH WAS DUE TO COUNSEL DIRECTING PETITIONER TO REVIEW A REPORT THE PICKING OF THE JURY WAS ABLE TO GO UN-NOTICE, IN SILIENCE, NO ONE WAS TALKING, JUST MOTIONING, USING HAND SIGNAL, LIKE SIGN LANGUAGE, COUNSEL NEVER EXPLAINED THE JURY SELECTION PROCESS TO THE PETITIONER NOR DID COUNSEL INFORM PETITIONER THAT HE WAS PICKING OR DETERMINE WHAT JURY MEMBERS SERVED ON HIS PANEL.

COUNSEL NEVER EXPLAINED ANY NAMES OR INFORMATION OF SUBSECTED JURORS, COUNSEL'S NEVER PROVIDE A DEFENDANT WITH INFORMATION OF THE JURORS CONCERNING THEIR EDUCATIONAL BACK-GROUND, WHAT THEIR OCCUPATION IS, WHICH IS REQUIRED OF A FAIR CRASS SECTION.

COUNSEL'S ERROR IN NOT QUESTINING THE JUROR'S CONCERNING THERE VIEWS ON BATTER WOMAN SYNDROME DENIED THE PETITIONER OF HIS RIGHT To MAKE AN INFORMED DECISION. WHEN To USE OR HOW To USE HIS PREMPTORY CHALLENGES. COUNSEL'S LACK OF VOIR SHOWNED WHEN IT WAS FOUND THAT JUROR 11 WORKED WITH ALLEGE VICTIM AT THE SAME JOB. "THE POST OFFICE".

COUNSEL SHOULD HAVE KNOW THE JOB STATUS OF JUROR 11; WITH THIS IN MIND, COUNSEL NEVER INFORMED THE PETITIONER OF ANY NAME WHATSOEVER OF THE JURY TO BE SELECTED. COUNSEL IS REQUIRED BY THE UNITED STATES CONSTITUTION To CONSULT WITH HIS CLIENT. COUNSEL'S ACTION DENIED THE PETITIONER OF HIS 5th AND 6th AMENDMENT RIGHT To INEFFECTIVE ASSISTANCE OF COUNSEL ...

MOTION: RULE 61 POST-CONICTION RELIEF
FILED: SUPERIOR COURT
CAUE NU: 0103012308
DECISION: DECEMBER 27, 2004

APPEAL: SUPREME COURT
CASE NU: No. 27, 2005
DECISION: DECEMBER 8, 2005

I DO NOT KNOW IF SUPERIOR COURT INCLUDE ALL THE GROUNDS THAT I FILED IN MY MEMORADUM WITH MOTION FOR POSTCONVICTION RELIEF. I AM RAISE CLAIMS FROM OUT OF THE MEMORANDUM FOR GROUND (7) IN THE PETITION OF INEFFECTIVE ASSISTANCE OF COUNSEL. GROUND (7) IS ON NEXT PAGE

DEFENDANT CLAIMS THAT GROUND (5) RAISES NOW BY HIM WERE NOT RAISED IN STATE OR FEDERAT. DEFENDANT CLAIMS THAT HE IS AN ALIEN AND WAS CAUGHT-UP IN A CRIMINAL JUSTICE SYSTEM THAT HE WAS UNFAMILIAR WITH, AND DID NOT UNDERSTAND IT, AND AS A CONSEQUENT, DUE To HIS IGNORANT To THE LAW.

DEFENDANT WAS PREJUICE BY COUNSEL'S RECKLISS DISREGARD TO HONOR A CLIENTS
WISHES RESULTING IN INEFFECTIVE ASSISTANCE OF COUNSEL. BEFORE TRIAL AND
DURING THE DISCOVERY-PRE TRIAL STAGES BECAUSE THIS ISSUE WAS TIMELY
ADDRESS, MOTION COULD BEEN FILED DURING THE PRE TRIAL STAGES TO SUPRESS OR
EXONERATE DEFENDANT FROM THE SUSTANTIAL OFFENSES PRIOR TO THE SUBMISSION OF
THE THESE CHARGES TO THE JURY AT TRIAL. AT THE TIME I WAS TOLD BY DEFENSE
COUNSEL THAT STATE WOULD NOT PAY FOR THE PICTURES TO BE TAKE TO THE F B I LAB,
BECAUSE HE SAID THE PICTURES CAN'T BE SUPPRESS BECAUSE NOTING WAS TAKE FROM ME.
THE F B I COULD BLOW THE PICTURES UP TO BE ABLE TO TELL THAT THE STORY WAS
FABRICATED. DEFENSE COUNSEL WOULDN'T HONOR ANY OF MY REQUEST. PROSECUTOR
CONVINCE JURORS THAT PICTURES ARE TO DARK AND THAT SOMETIMES WITH AN AFRICAN
AMERICAN YOU CAN'T SEE THE BRUISES AS DARKLY ESPECIALLY ON THIS INSIDE.
THE JURY WAS MISLEAD TO BE BELIEVE ALLEGE VICTIM WRISTS WERE TIED, THIS IS
UNTURE AND FALSE STATEMENT AND MISLEAD THE JURY TO BELIEVE THAT ALLEGE
VICTIM COMPLEXION IS DARK. PLEASE SEE STATE EXHIBIT WHEN I SEND IT.
DEFENDANT POINT IS THAT THE MAGNITUCLE / SERIOUSNESS OF THE CHARGES
UNQUESTIONABLY IMPACTED UPON THE JURY AND ALLOWED AN INFERENCE TO BE
DRAWN THAT DEFENDANT HAD TO BE GUILTY OF SOMETHING OR HE WOULD NOT BEEN
ARRESTED... GROUND (7)


DATE: 1/8/06

RESPECTFULLY SUBMITTED,

Stephen R. Winn

STEPHEN R. WINN 177957

If "Yes," state the name and location of the court. the docket or case number, the type of proceeding, the issues raised, the date of the court's decision. and the result for each petition. application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ❑   No ⊠
If "Yes," state the name and location of the court. the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _MS . COX   IN THE COURT OF COMMON PLEAS NEW CASTLE COUNTY   WILM , DE_

(b) At arraignment and plea: _ASSISTANT PUBLIC DEFENDER JOHN S. EDINGER , JR_

(c) At trial: _JOHN S. EDINGER , JR_

(d) At sentencing: _JOHN S. EDINGER , JR_

(e) On appeal: _JOHN S. EDINGER, JR_

(f) In any post-conviction proceeding: _NO_

(g) On appeal from any ruling against you in a post-conviction proceeding: _NO_

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑   No ⊠

(a) If so, give name and location of court that imposed the other sentence you will serve in the
future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to
be served in the future?   Yes ❑ No ❑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not
bar your petition.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a
person in custody pursuant to the judgment of a State court. The limitation period shall run
from the latest of —

(continued...)

Page 15

Therefore, petitioner asks that the Court grant the following relief: _MUST BE "GRANTED" AND_
_HIS CONVICTION BE REVERSE / VACATED BASED UPON THE GROUNDS THAT_
_THE INFERENCES ON WHICH THE CONVICTION IS BASED IS NOT JUSTIFIED_
_By THE RECORD AND FOR THE VIOLATION OF HIS CONSTITUTIONAL RIGHT._
or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on
_JANUARY 8, 2006_____ (month, date, year).

Executed (signed) on _//8/2006_____ (date).

_Stephen R. Winn_____

Signature of Petitioner

_____

*(...continued)

   (A) the date on which the judgment became final by the conclusion of direct review or the
   expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in
   violation of the Constitution or laws of the United States is removed, if the applicant was
   prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the
   Supreme Court, if the right has been newly recognized by the Supreme Court and made
   retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been
   discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral
review with respect to the pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

If the person signing is not petitioner. state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

## IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

\* \* \* \* \*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHEN R. WINN | § | No. 27, 2005 |
| | § | |
| v. | § | Superior Court |
| | § | |
| STATE OF DELAWARE | § | New Castle County |
| | § | |
| | § | Cr. ID No. 0103012308 |

The following docket entry has been made in the above cause.

27. Dec. 29, 2005.      Record and mandate to Clerk of
                        Court Below. **Case Closed.**


cc: The Honorable William C. Carpenter, Jr.
    Mr. Stephen R. Winn
    Loren C. Meyers, Esquire


                        Prothonotary
                        Received Above

                        By _____

                        Date _____


Date: December 29, 2005        _____
                               Audrey F. Bacino, Assistant
                               Clerk of Supreme Court

# *MANDATE*

THE SUPREME COURT OF THE STATE OF DELAWARE

TO:  Superior Court of the State of Delaware in and for New
     Castle County:

**GREETINGS:**

   **WHEREAS**, in the case of:

### *State of Delaware v. Stephen R. Winn*

Cr. ID No. 0103012308

a certain judgment or order was entered on the 27th day of

December 2004, to which reference is hereby made; and **WHEREAS**,

by appropriate proceedings the judgment or order was duly

appealed to this Court, and after consideration has been

finally determined, as appears from the Order decided December

8, 2005, a certified copy of which is attached hereto;

   **ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED** that

the order or judgment be and is hereby affirmed.

Audrey F. Badino
Assistant Clerk of the Supreme Court

Issued:  December 29, 2005

Supreme Court No. 27, 2005

**STATE OF DELAWARE**     }
                   } ss.

**KENT COUNTY**          }

I, Audrey F. Bacino, Assistant Clerk of the Supreme Court of
the State of Delaware, do hereby certify that the foregoing is
a true and correct copy of the Order decided December 8, 2005,
in *Stephen R. Winn v. State,* No. 27, 2005, as it remains on
file and of record in said Court.

                  **IN TESTIMONY WHEREOF,**

                  I have hereunto set my hand and
affixed the seal of said Court at
Dover this 29th day of December A.D.
2005.

                  Audrey F. Bacino
Assistant Clerk of Supreme Court

LEGAL MAIL

$ 04.200
JAN 19 2006
UNITED STATES POSTAGE
0216
0004608975
MAILED FROM ZIP CODE 19977

IM  STEPHEN R. WILSON
SBI# 177957   UNIT 19
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY

DISTRICT COURT

844 KING STREET

LOCK BOX 18

WILMINGTON, DE 19801

19811