IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STEPHEN R. WINN**, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 06-038-KAJ |
| **THOMAS L. CARROLL**, Warden, and **CARL C. DANBERG**, Attorney General of the State of Delaware, | : |
| Respondents. | : |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondents state the following in response to the petition for a writ of habeas corpus:

After a jury trial in the Delaware Superior Court in February 2002, the petitioner, Stephen R. Winn, was convicted of the following offenses in connection with a brutal sexual assault of his live-in girlfriend: first degree rape; first degree kidnaping; second degree assault; terroristic threatening; and criminal contempt. On May 31, 2002, the court sentenced Winn to 47 years in prison. The conviction was affirmed on direct appeal. *Winn v. State*, No. 328, 2002 (Del. (Mar. 19, 02003).

On September 15, 2003, Winn applied for state post-conviction relief. The Superior Court expanded the record to include defense counsel's affidavit. (B52-54).[1] Winn, with the permission of the Superior Court, subsequently amended his state post-conviction motion.

---

[1] "B" herein refers to the State's appendix submitted with the answering brief in *Winn v. State*, No. 27, 2005.

The Superior Court on December 27, 2004 issued an opinion addressing Winn's initial six claims presented in the application. (B55-63). The court, however, inadvertently failed to consider issues set forth in the amended motion. (B66).[2] In a supplemental decision dated June 6, 2005, the Superior Court rejected the substantive claims presented by Winn in the amended motion as procedurally barred under Criminal Rule 61(i)(3). (B64-70). In the ensuing appeal, the state supreme court affirmed the Superior Court's decision that the claims presented by Winn in the amended motion were procedurally barred under Superior Court Criminal Rule 61(i)(3). *Winn v. State*, No. 27, 2005 (Del. Dec. 8, 2005).

### Facts

As adduced at trial and detailed by the state supreme court on direct appeal, the facts of Winn's case are as follows:

> On January 15, 2001, Winn became enraged when his live-in girlfriend, Donna Cleckley, told him that she wanted to end their relationship. He punched her in the face, then tied her to her bed, beat her with a baseball bat and raped her. During the assault, he threatened to kill Cleckley. When Winn finished raping Cleckley, he gagged her and left her tied to the bed, while he went out in her car.
>
> Cleckley stayed in her home for the next three days and sought no help even during the times that Winn was out of the house. When she felt that she had enough strength, Cleckley went to St. Francis Hospital and then to a battered woman's shelter. She later reported the attack to the police.

*Winn v. State*, No. 27, 2005, order at ¶¶ 2-3 (Del. Dec. 8, 2005). In the ensuing state post-conviction proceeding, the trial judge aptly described Winn's vicious criminal assault on his

---

[2]The additional substantive claims presented by Winn in the amended state post-conviction motion correspond to the claims presented in Winn's federal habeas petition. *Compare* D.I. 2 *with* B67-68.

live-in girlfriend as follows: "This was a horrible case in which an innocent woman was brutally beaten with a baseball bat and sexually molested by the Defendant. The evidence as to Defendant's guilt was overwhelming and the sentence he received was appropriate." (B69).

## Discussion

In the model § 2254 form and handwritten attachment, Winn presents eight grounds for relief: 1) the trial court failed to properly instruct the jury on the elements of first degree unlawful sexual intercourse; 2) the State failed to prove each element of first degree unlawful sexual intercourse; 3) the State failed to prove each element of kidnaping due to an inappropriate in-court demonstration; 4) communications between the victim and Winn were admitted into evidence in violation of the right against self-incrimination; 5) the medical report of the victim was improperly admitted into evidence; 6) the trial court improperly admitted prior bad act evidence; 7) the prosecutor presented improper closing argument regarding why Winn's mother did not testify; 8) the prosecutor presented improper closing argument regarding the absence of blood spatter evidence

Winn presented these claims in his amended state post-conviction motion and in the ensuing appeal.[3] Thus state remedies are exhausted. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Consideration of the claims presented in the petition is precluded, however, because Winn procedurally defaulted the claims in the state courts.

---

[3]*See* Op. Brf. in *Winn v. State*, No. 27, 2005; D.I. 2 at 6-12.

After finding that a petitioner has exhausted state remedies, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). Concerning the substantive claims presented in the state post-conviction proceeding, however, Winn did not comply with relevant state procedural requirements. The state supreme court affirmed the Superior Court's rejection of the claims on procedural grounds, invoking Superior Court Criminal Rule 61(i)(3), which precludes review of claims that were not asserted in the proceedings leading to the judgment of conviction unless a movant can establish cause for and prejudice from the procedural default. *Winn v. State*, No. 27, 2005, order at ¶ 6 (Del. Dec. 8, 2005). Thus, in applying the procedural bar of Rule 61(i)(3), the state courts articulated a "plain statement," under *Harris v. Reed*, 489 U.S. 255, 263-64 (1989), that the decision rested on state law grounds. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991). This Court must look to whether the state procedural ground applied in dismissing the claims is sufficient to bar federal habeas review. *Bond*, 864 F.2d at 311-12. This Court has held consistently that Rule 61(i)(3) is an independent and adequate state procedural rule which precludes federal habeas review. *E.g.*, *McCleaf v. Carroll*, 416 F. Supp. 2d 283, 296 (D. Del. 2006); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997); *Carter v. Neal*, 910 F. Supp. 143, 149-50 (D. Del. 1995) *DeShields v. Snyder*, 830 F. Supp. 819, 822 (D. Del. 1993); *Flamer v. Chaffinch*, 827 F. Supp. 1079, 1087-88 (D. Del. 1993).

Accordingly, the state procedural bar imposed in this case under Criminal Rule 61(i)(3) is an independent and adequate state law ground under *Wainwright v. Sykes*, 433

U.S. 72 (1977) which precludes federal habeas review of Winn's claims unless he can establish cause for his procedural default and resulting prejudice, or that a miscarriage of justice will result if the court refuses to hear his claim. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 493 (1986); *Caswell v. Ryan*, 953 F.2d 853, 860-61 (3d Cir. 1992); *Bond*, 864 F.2d at 311; *Dawson*, 988 F. Supp. at 804-05. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Carrier*, 477 U.S. at 487; *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show that the alleged errors worked to his actual and substantial disadvantage, infecting his entire proceeding with error of constitutional dimensions. *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *Dawson*, 988 F. Supp. at 804-05.

      Here, a review of the record reveals that Winn cannot demonstrate cause for the procedural default in the state courts. Winn does allege that counsel on appeal "failed" to raise these claims (D.I. 2 at 11), and in a proper context, a valid claim of constitutionally ineffective assistance of counsel may constitute cause for a procedural default in the state courts. *Carrier*, 477 U.S. at 488-89; *McCleaf*, 416 F. Supp. 2d at 297. But that claim of ineffective assistance must itself be independently exhausted. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Carrier*, 477 U.S. at 488-89. Moreover, each specification of ineffectiveness is a discrete claim, and the legal and factual basis for each must be independently exhausted to establish cause for a procedural default in the state courts. *See*

28 U.S.C. § 2254(b). *See Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986); *see also Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990); *Bright v. Snyder*, 218 F. Supp. 2d 573, 578-79 (D. Del. 2002).

Notably, Winn did not suggest to the Superior Court during the course of the post-conviction proceedings that defense counsel was ineffective for not raising these substantive issues. Winn, did, however, belatedly suggest to the state supreme court that defense counsel failed to present the claims on direct appeal. But as detailed by the State in the answering brief filed in connection with the state post-conviction appeal, Winn's tardy allegation could not be raised for the first time on appeal without first having presented the claim in the Superior Court:

> Winn now, for the first time [in the post-conviction appeal], contends that counsel was ineffective on appeal because he did not raise the particular arguments. But that contention comes too late: because Winn's claim of ineffective appellate counsel was not presented to the Superior Court, it cannot be considered now on appeal. [Del.] Supr. Ct. R. 8.

*See* Ans. Brf. in *Winn v. State*, No. 27, 2005 at 12-13; *cf. Brown v. Cuyler*, 669 F.2d 155, 159 (3d Cir. 1982) (holding state's understanding of a petitioner's argument, as reflected in its brief before the state court, may shed light on whether a petitioner has exhausted state remedies).

The state supreme court agreed. Winn's claims were procedurally barred under Superior Court Criminal Rule 61(i)(3) because Winn had failed to raise the substantive claims in the proceedings leading to conviction. Thus, according to the court, Winn's belated attempt to avoid the procedural bar by alleging ineffective assistance of counsel was "unavailing as there is no record support for those allegations." *Winn v. State*, No. 27, 2005,

order at ¶ 6 (Del. Dec. 8, 2005). It is well-settled that the state supreme court, as a reviewing court of record, may not consider issues that have not been presented as an initial matter to the lower court. DEL. SUPR. CT. R. 8; *see Jenkins v. State*, 305 A.2d 610, 613 (Del. 1973).

Notably, the state courts considered and rejected on the merits Winn's allegations of ineffective assistance of counsel which had been properly presented to the Superior Court in the state post-conviction motion. *See Winn*, *supra*, order at ¶ 3-5; B57-63 (Superior Court's detailed review of properly presented ineffectiveness claims). Winn, in the initial state post-conviction application, specifically alleged that defense counsel's representation had been constitutionally deficient. Winn, however, did not do so in the amended state post-conviction application. Ineffectiveness claims are discrete claims, and Winn's complaint about certain aspects of defense counsel's performance was not sufficient to put the state courts on notice as to other aspects of defense counsel's representation. *See Gibson*, 805 F.2d at 139 (holding no exhaustion of state remedies when an ineffective assistance of counsel claim made in state court was based on counsel's instructions and explanations regarding plea bargain, and claim in federal court was that counsel was ineffective in failing to protect juvenile status of the petitioner); *Lawrie*, 9 F. Supp. 2d at 453 n.22. Accordingly, Winn's belated complaint, presented for the first time in the state post-conviction appeal, did not amount to cause for the procedural default under Criminal Rule 61(i)(3). Winn, therefore, had failed to demonstrate cause for his procedural default in the state courts.

Because the record does not reveal cause for Winn's procedural default, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 752, 757 (rejecting claim that cause was established due to ignorance or inadvertence

of counsel); *Smith v. Murray*, 477 U.S. 527, 533 (1986); *McCleaf*, 416 F. Supp. 2d at 297; *Lawrie*, 9 F. Supp. 2d at 454; *Dawson*, 988 F. Supp. at 804-05; *Carter*, 910 F. Supp. at 151. Accordingly, each of Winn's claims should be dismissed as procedurally barred.

The "miscarriage of justice exception" to the procedural default rule applies only to "extraordinary cases." *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 496; *Carter*, 910 F. Supp. at 151. To establish a miscarriage of justice, Winn bears the burden to establish that it is more likely than not that no reasonable juror would have convicted him. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (holding a miscarriage of justice "in a colloquial sense is the case where the State has convicted the wrong person of the crime"). Here, Winn has not alleged any facts that would tend to establish he is actually innocent of the offenses for which the jury convicted him, or that the Court's failure to consider his claims will otherwise result in a fundamental miscarriage of justice. *See Lawrie*, 9 F. Supp. 2d at 455; *Dawson*, 988 F. Supp. at 807-08; *Carter*, 910 F. Supp. at 151.

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Winn's trial and sentencing have been prepared. In the event that the Court directs production of any transcript, respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

                                            Thomas E. Brown
                                            Deputy Attorney General
                                            Department of Justice
                                            820 N. French Street
                                            Wilmington, DE  19801
                                            (302) 577-8500
                                            Del. Bar ID#  3278

Date: May 11, 2006

**CERTIFICATE OF SERVICE**

The undersigned, being a member of the Bar of this Court, hereby certifies that on May 11, 2006 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on May 11, 2006 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

> Stephen R. Winn (No. 177957)
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977.

> _____
> Thomas E. Brown
> Deputy Attorney General
> Del. Dept. of Justice
>
> Counsel for Respondents

Date: May 11, 2006