IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEPHEN R. WINN

      PETITIONER,

      V.

THOMAS L. CARROLL, WARDEN

   AND CARL C. DANBERG

ATTORNEY GENERAL OF THE STATE OF DELAWARE

      RESPONDENTS,

CIV. ACT. NO. 06-038-KAJ

ANSWER BRIEF

PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT
OF HABEAS CORPUS

DATED: 6/7/2006



FILED

JUN 2 6 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


STEPHEN R. WINN

    PETITIONER

      V.               •  CIV. ACT. NO. 06-038-KAJ

THOMAS L. CARROLL

    RESPONDENTS


## APPELANTS REPLY BRIEF

## UNDER 18 U.S.C.A


FEDERAL ANN...ECT. UNDER V, VI, AND XIV, AMENDMENT RIGHTS THAT ARE
GUARANTEED BY UNITED STATES CONSTITUTION AS TO THE RIGHT TO APPEAL
AN ISSUE IN APPEALS COURT.

### STANDARD AND SCOPE OF REVIEW

### UNDER SUPR. CT RULE 8, PLAIN ERROR

WHEATHER OR NOT THE SUPERIOR COURT HAD A DUTY TO ALLOW AN EVIDENTIARY
HEARING IN COMPLIANCE WITH DEFENDANT'S POSTCONVICTIONAL RELIEF MOTION.
PRESUMABLY IN ORDER TO DETERMINE THE TRUTH OF THE DEFENDANT ALLEGATIONS
AS TO HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM BY THE DIRECT APPEAL PROCESS.

   1. COUNSEL MUST PROFORM HIS DUTY'S PURSUANT TO SUPR. CT. RULE 26.(A)(i)...
COUNSEL MUST ADVISE HIS CLIENT AS THE "DEFENDANT" OF HIS CONSTITUTIONAL RIGHTS
TO BE OF HELP OR AID TO THE APPEAL PROCESS OF ANY MERITABLE CLAIM HIS
ATTORNEY FAIL TO PUT FORTH AND ESTABLISH IN HIS BEHAFE MUST NOT BE
OVER LOOKED IN THE INTEREST OF JUSTICE ACCORDING TO THE A.B.A STANDARDS

DEFENSE COUNSEL FILED A DIRECT APPEAL TO THE SUPREME COURT ON my BEHALF WITHOUT DISCUSSING OTHER MERITABLE ARGUMENTS WHICH COULD BEEN FILED IN my BEHALF AND IMPROPERLY RULED UPON AN OBJECTION MADE BY COUNSEL. FIRST - MOVANT EXPLAINED TO COUNSEL IN SEVERAL LETTERS THAT HE WISHES TO FILE A BRIEF ALONG WITH HIS MOTION AND BRIEF. SEE EXHABIT C-26, 27 MOVANT FILED A LETTER TO JUDGE CARENTER WILLIAM C. JR REGARDING INEFFECTIVE DEFENSE / INFO REGARDING APPEAL AND BRIEF. SEE EXHABIT C-16, 17

FURTHER, IN SPITE OF SEVERAL ATTEMPTS TO CONTACT DEFENSE COUNSEL ABOUT CASE NUMBER AND DIRECT APPEAL TO OUTLING WHAT ERRORS WERE COMMITTED BY THE COURT. DEFENSE COUNSEL REFUSED TO COMMUNICATION WITH MOVANT REGARDING DIRECT APPEAL. THIS IS EVIDENCED BY NOT SET UP A VISIT OR A VIDEO INTERVIEW TO DISCUSS WHAT POINTS MOVANT WANTED RAISED IN THE DIRECT APPEAL. WHEN MOVANT DIDN'T HEARD FROM COUNSEL HE SENT COUNSEL A LETTER REGARDING INCORPORATE ISSUE, MOVANT WANTED RAISED IN THE DIRECT APPEAL WITHIN TIME FRAME PRIOR TO THE APPEAL BEING FILED. SEE EXHABIT C-20 LETTER DATED MARCH 20, 2003

I'VE COORIDINATED A LIST OF ISSUES REGARDING THE DIRECT APPEAL BUT COUNSEL REFUSED TO ENGAGE IN SUCH DIALOGUE HE SHUT DOWN. ALL MOVANT KNEW THAT THE NOTICE OF APPEAL TO THE SUPREME COURT HAS BEENFILED, DEFENSE COUNSEL FAILURE TO CONSIDER MOVANT CLAIMS ON THE DIRECT APPEAL RESULT IN A FUNDAMENTAL MISCARRIAGE OF JUSTICE. THE SUPREME COURT WILL NOT CONSIDER AN APPEAL BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL. HOWEVER, TRIAL COUNSEL NEVER ACKNOWLEDED MOVANT INTEREST ACCORDING TO A.B.A. STANDARDS, COUNSELORS HAS DUTY TO COMPLY WITH CLIENT AND COME UP WITH OPTIONS DEFENSIVELY, ESPECIALLY ON CHARGES OF SERIOUS CONSEQUENCES. SEE. STEVENS V. D.C.C 152 F. SUPP 2d 561 D. DEL 2001.

THE SUPERIOR COURT'S RECORD REFLECTS DEFENSE COUNSEL HAD STOPPED COMMUNICATING WITH THE DEFENDANT UPON HIS SENTENCING ON MAY 31, 2002 COUNSEL NEVER ALLOWED HIM TO PUT FORTH A MERITABLE CLAIMS IN HIS OWN BEHALFE AND THAT COMPLETE IN JUSTICE BY IT SELF. THE RECORD SHOWS THEIR WERE OTHER ISSUES TO BE CONSIDER BY THE HIGH COURT BASED ON VIOLATIONS OF STATE AND FEDERAL LAW AS WELL AS CONSTITUTIONAL ERRORS. HOWEVER, IF A PETITIONER'S FAILS TO COMPLY RELIEF ON THAT ISSUE CAN BE PROCEDURALLY BARRED, ABSENT A SHOWING OF "CAUSE" FOR THE DEFAULT AND "PREJUDICE" FROM THE VIOLATION OF THE PETITIONER'S RIGHT.

UNDER DELAWARE LAW, THE REQUIREMENT FOR FILING A RULE 61 MOTION FOR POST-CONVICTION RELIEF MUST BE FILED WITHIN THREE (3) YEARS OF HIS OR HER CONVICTION BECOMES FINAL.

ON JULY 20, 2004 THE MOTION WAS CONSIDERED BY TRIAL JUDGE WILLIAM C. CARPENTER JR. BECAUSE IT WAS FILED WITHIN THE THREE (3) YEARS FROM THE TIME THE MANDATE WAS ISSUED IN MOVANT CASE BY THE DELAWARE SUPREME COURT. JUDGE CARPENTER ALLOW THE AMENDMENT TO OCCUR. SEE EXHABIT(E) PAGE C-13

MOREOVER, RULE 61 PROVIDES, "ANY GROUND FOR RELIEF THAT WAS NOT ASSERTED IN THE PROCEEDING LEADING TO THE JUDGMENT OF CONVICTION ... IS THEREAFTER BARRED, UNLESS THE MOVANT SHOWS (A) CAUSE FOR RELIEF FROM THE PROCEDURAL DEFAULTS AND (B.) PREJUDICE FROM VIOLATION OF THE MOVANT'S RIGHT. DEL. SUPER. CT. CRIM. RULE. 61(i)(3).

UNDER DELAWARE LAW, RULE 61 ALSO PROVIDES A WAY TO INVOKE RULE 61 (i)(5) AND BY-PASS RULE 61(i)(3)'S PROCEDURAL BAR, IN SO DOING, DEFENDANT MUST RAISE A COLARABLE CLAIM THAT THERE WAS A MISCARRIAGE OF JUSTICE HE ALSO MUST SHOW THAT THE MISCARRIGE OF JUSTICE WAS CAUSE BY A CONSTITUTIONAL VIOLATION THAT UNDERMINED THE FUNDAMENTAL LEGALITY, RELIABILITY, INTEARITY OR FAIRNESS OF THE PROCEEDING LEADING TO THE JUDGMENT OF CONVICTION.

THE BAR IN RULE 61(i)(1)-(3), HOWEVER, ARE INAPPLICABLE "TO A COLORABLE CLAIM NOT PREVIOUSLY ADJUDICATED THAT THERE WAS A MISCARRIAGE OF JUSTICE BECAUSE OF A CONSTITUTIONAL VIOLATION THAT UNDERMINED THE FUNDAMENTAL LEGALITY, RELIABILITY, INTEGRITY OR FAIRNESS OF THE PROCEEDING LEADING TO THE JUDGMENT OF CONVICTION." DEL, SUPER, CT. CRIM. R, 61(i)(5). BEFORE CONSIDERING THE MERITS OF DEFENDANT'S CONSTITUTIONAL ARGUMENT, THIS COURT MUST FIRST ENGAGE IN A PRELIMINARY INQUIRY AS TO WHETHER A "COLORABLE CLAIM" UNDER RULE 61(i)(5) HAS BEEN ALLEGED.

THE DELAWARE SUPREME COURT HAS STATED THAT RELIEF IS AVAILABLE UNDER RULE 61(i)(5) WHEN THE RIGHT RELY UPON AS BEEN RECOGNIZED FOR THE FIRST TIME AFTER DIRECT APPEAL AND IS RETROACTIVE IN NATURE. YOUNGER V. STATE, DEL. SUPR. 580 A.2d 552, 555 (1990). THE SUPREME COURT HAS ALSO NOTED THE TERMS "INTEREST OF JUSTICE" AND "MISCARRIAGE OF JUSTICE" HAVE DIFFERENT AND DISTINCT MEANINGS UNDER RULE 61 BAILEY V. STATE, DEL. SUPR. 588, A.2d 1121, 1127 (1991). DIFFERENT POLICY INTEREST UNDERLIE RULE 61(i)(4) AND (i)(5). WHILE RULE 61(i)(4) ALLOWS FOR CONSIDERATION OF CERTAIN ISSUE WHICH HAVE BEEN PREVIOUSLY LITIGATED IN THE "INTEREST OF JUSTICE". RULE 61(i)(5) PREVIDES FOR POST-CONVICTION CONSIDERATION OF ISSUE, WHICH HAVE NOT BEEN PREVIOUSLY LITIGATED AND MAY ENTAIL A "MISCARRIAGE OF JUSTICE. THEREFORE, EACH SUBSECTION OF THE STATUTE USES DIFFERENT CRITERIA FOR BOTH CONSIDERATION AND RELIEF FOR POST-CONVICTION CLAIMS. IN THE INSTANT CASE, REVIEW OF PETITIONER'S POST-CONVICTION RELIEF ARE PRECLUDED, UNLESS PETITIONER ESTABLISH: (1) CAUSE FOR HIS FAILURE TO RAISE HIS CLAIMS FOR RELIEF ON DIRECT APPEAL FROM THE JUDGMENT OF CONVICTION WITH REGARD ONLY TO THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL); (2) ACTUAL PREJUDICE STEMMING FROM THE ALLEGED CONSTITUTIONAL ERRORS, OR (3) THAT THIS COURT'S FAILURE TO CONSIDER DEFENDANT'S POST-CONVICTION CLAIMS WOULD RESULT IN A "MISCARRIAGE OF JUSTICE, i.e., THAT PETITIONER IS ACTUALLY INNOCENT OF THE CRIME FOR

WHICH HE WAS CONVICTED OF. SEE SAWYER V. WHITLEY, 112 S. Ct. 2514, 2518-19 (1992); COLEMAN V. THOMPSON, 111 S. Ct. 2546, 2566 (1991); SMITH V. MURREY, 477 U.S. 527, 533-38 (1986); WAINWRIGHT V. SYKES, 433 U.S. 72, 78 (1977).

IN OTHER WORD, DEFENDANT MUST SHOW (1) "SOME EXTERNAL IMPEDIMENT WHICH PREVENTED HIM FROM RAISING THE CLAIM AND (2) A "SUBSTANTIAL LIKELIHOOD THAT IF THE ISSUE HAD BEEN RAISED ON DIRECT APPEAL, THE OUTCOME WOULD HAVE BEEN DIFFERENT".

DEFENDANT CLAIMS THAT HE IS AN ALIEN, AND WAS CAUGHT-UP IN A CRIMINAL JUSTICE SYSTEM THAT HE WAS UNFAMILIAR WITH, AND DID NOT UNDER-STAND IT, AND AS A CONSEQUENT, DUE TO HIS IGNORANT TO THE LAW, HE WAS TOTALLY DEPENDING ON COUNSEL'S EFFECTIVE ASSISTANCE. (SEE TRIAL TRANSCRIPTS).

DEFENDANT CLAIMS THAT THE ISSUES RAISES NOW BY HIM WERE NOT RAISED ON HIS DIRECT APPEAL, DUE TO THE FACT THAT HIS COUNSELS FAILED TO RAISED THEM, AND IT WASN'T UNTIL THE PETITIONER MOTION FOR POST-CONVICTION RELIEF THAT THESE ISSUES FIRST BECOMES ALIVE, BEING FULLY DEVELOPED, SO THAT THE COURT WOULD HAVE A FULL AND CLEAR VIEW OF THE VIOLATION OF DEFENDANT CONSTITUTIONAL RIGHT CONTAINED HEREIN. THE CONSTITUTIONAL VIOLATION FOUND IN THESE CLAIMS EXEMPTS THE DEFENDANT FROM ANY BAR RESTRICTIONS ACCORDING TO RULE (i) (5). DEFENDANT CLAIMS THAT COUNSELS SHOULD HAVE PRESENTED THESE ISSUES ON HIS DIRECT APPEAL, AND THAT HIS FAILURE TO DO SO, PREJUDICED HIS RIGHT. THIS COURT MUST NOT UNDERMINED THE PRINCIPLE THAT THE DEFENDANT, NOT HIS LAWYERS, SHOULD DECIDE WHETHER OR NOT TO EXERCISE HIS RIGHT TO APPEAL. SEE JONES V. BARNES, 463 U.S. 751, 103 S. Ct. 3308, 3312 (1983).

THE ACCUSED HAS THE ULTIMATE AUTHORITY TO MAKE CERTAIN FUNDAMENTAL DECISIONS REGARDING HIS CASE, SUCH AS TO WHETHER TO PLEAD GUILTY. WAIVE A JURY, TESTIFY IN HIS OWN BEHALF. OR TAKE AN APPEAL. THE DECISION WHETHER TO APPEAL "MUST BE THE DEFENDANT OWN CHOICE", "ISSUE NOT RAISED ON APPEAL IS STRONGER THAN ISSUE THAT COUNSEL DID PRESENT". SMITH V. ROBBINS, 528 U.S. 259, 287-88, 120 S. Ct 746, 145 L.Ed.2d 756 (2000).

A B A STANDARDS FOR CRIMINAL JUSTICE 4-8.2, 21-2.2 (2d ed. 1980),

THIS COURT HAS CONTINUE TO RELY UPON COUNSELS TO FULFILL THEIR PROFESSIONAL

OBLIGATION TO ASSURE THAT THEIR CLIENTS MAKE INFORMAL CHOICES, AND TO

IMPLEMENT THOSE DECISIONS. MARROW V. U.S, 772 F. 2d 525, 529-30 (1985).

WHEN COUNSEL FAILURE TO RAISE A PARTACULAR CLAIM ON DIRECT APPEAL,

IT IS BE SCRUTINIZED UNDER THE "CAUSE AND PREJUDICE" STANDARD WHEN THAT

FAILURE IS TREATED AS A PROCEDURAL DEFAULT BY THE STATE COURTS.

MURREY V. CARRIER, 477 U.S 478, 492, 106 S.Ct. 2639, 2647 (1986) MOREOVER,

UNLIKE THE RAPIED PACE AT TRIAL, IN WHICH IT IS A MATTER OF NECESSITY

THAT COUNSEL DECISIONS BIND THE DEFENDANT "THE APPELLATE PROCESS AFFORDS

THE ATTORNEY TIME FOR REFLECTION, RESEARCH, AND FULL CONSULTATION WITH

HIS CLIENT". PETITIONER'S CLAIMS THAT AT TRIAL, AND ON DIRECT APPEAL, IT

IS INAPPROPRIATE TO HOLD DEFENDANT FOR THE ERRORS OF HIS ATTORNEY.

DEFENDANT'S ASK THIS COURT TO APPLY THE DELIBERATE BY-PASS STANDARD UNDER

WHICH ONLY THE PERSONAL WAIVER BY THE DEFENDANT WOULD REQUIRE ENFOREMENT

TO A PROCEDURAL DEFAULT. FAY V. NOIA'S, 83 S. Ct, 822, 827 (1963).

DEFENDANT'S CLAIMS THAT THIS COURT SHOULD REVIEW THE ISSUES PRESENTED

IN THIS MOTION UNDER 28 U.S.C § 2254 FOR WRIT OF HABEAS CORPUS MUST

BE "GRANTED" AND HIS CONVICTION BE REVERSE / VACATED BASED UPON THE

GROUNDS THAT THE INFERENCES ON WHICH THE CONVICTION IS BASED UPON

ISSUES IS NOT JUSTIFIED BY THE RECORD AND FOR THE VIOLATION OF HIS

CONSTITUTIONAL RIGHT.

THIS CASE SERIOUSLY AND THAT COURTS WILL CONSIDER THE EVIDENCE AND

CONSIDER THE EVIDENCE IN THE LIGHT WHETHER THE STATE HAS PROVEN ITS

CASE. EVERY SINGLE ELEMENT OF THE CHARGE BEYOND A REASENABLE DOUBT,

IT IS CLEAR THE A FUNDAMENTAL MISCARRIAGE OF JUSTICE RESULTED FROM THE

REFUSAL OF THE STATE COURT TO REVIEW THESE CLAIM DURING THE POST-CONVICTION

RELIEF PROCEEDING. EDWARDS V. CARPENTER 529, US 446, 451, 120 S.Ct 1587, 146

L.Ed 2d 518 (2000).

DEFENDANT HAS BEEN INCARCERATED FOR MORE THAN ONE YEAR IN DEFAULT OF BOND WHILE AWAITING TRIAL WAS ARRESTED ON FEBRUARY 2, 2001 ON UNRELATED MATTERS BUT LATER CHARGED MARCH 16, 2001. THE STATE LATE DISCLOSURE OF VIDEO TAPED STATEMENTS TAKEN MORE THAN ONE YEAR BEFORE TRIAL COMMENCED IN THIS MATTER IS A VIOLATION OF SUPERIOR COURT CRIMINAL RULE 16 (A) DISCLOSURE OF EVIDENCE BY THE STATE, INFORMATION SUBJECT TO DISCLOSURE.

DEFENDANT CLAIMS HE SERVED A DISCOVER REQUEST ON THE STATE AND DEFENSE COUNSEL'S REQUESTING INTERALIA, COPIES OF ANY STATEMENTS MADE BY FOLLOWING WITNESSES, KETH MURPHY , EMILY CUNININGHAM, DET. DONLON THAT DEFENSE MIGHT INTELLIGENTLY DISCUSS THE DIRECT AND CROSS EXAMINATIONS OF THESE WITNESSES. SEE EXHABIT C-47 ALSO SUPERIOR COURT CRIMINAL DOCKET.

THE STATE PROVIDED A COPY OF A PORTION OF A POLICE REPORT WHICH CONTAINED A SUMMARY OF A STATEMENT GIVEN BY ALLEGE VICTIMS TO THE POLICE. NEITHER THE SUMMARY NOR THE STATE'S COVER LETTER INDICATED THAT THE ALLEGE VICTIMS STATEMENTS WAS VIDEO OR AUDIO TAPED. SEE POLICE REPOR EXHABIT C-5, 6, 7 THE PROSECUTION DID NOT DISCLOSE THIS TAPE RECORDING TO THE DEFENSE COUNSEL'S UNTIL THE DAY OF TRIAL. DEFENSE COUNSEL DID OBJECT TO HAVING THIS AUDIO TAPE ENTERED IN AS EVIDENCE. SEE TT FEB 20, PAGE 13

DEFENDANT CLAIMS FIRST TIME HE HEAR ABOUT THIS AUDIO TAPE BETWEEN CLECKLEY AND DETECTIVE DONLON WHEN HE ENTER THE COURTROOM ON THE SECOND DAY OF TRIAL. WHEN TRIAL JUDGE STATED,

THE FOLLOWING FACTS ARE SET FORTH IN PETITION AS OF GROUD FOUR OF TRIAL TRANSCRIPT PAGE... SEE. JENCKS V. UNITED STATES, 77 S. C+ AT 1015, 1007 (1957).

DEFENSE COUNSEL DID NOT ALLOW THE DEFENDANT TO VIEW OR TO INSPECT THE CONTEXT OF THIS TAPE WHICH DENIED THE DEFENDANT OF EFFECTIVE ASSISTANCE OF COUNSEL AND 6ST AMENDMENT RIGHT OF DUE PROCESS AND RIGHT TO LEGAL AND FAIR PROCEEDINGS.

7

SECOND VIOLATION. WHEN PROSECUTOR ALLOWED EMILY CUNNINGHAM WHO WAS A KEY WITNESS FOR THE STATE TO FAX IN STATEMENT. SEE TT FEB 20, PAGE 169 ... MS. CUNNINGHAM TOOK THE WITNESS STAND FOR THE STATE LEFTED COURTHOUSE AND FAX IN HER NOTES TO PROSECUTION.

THE JURY WHO WAS PICKED TO TRY THE CASE AGAINST DEFENSE ASK THE TRIAL JUDGE WAS MS. CUNNINGHAM NOTES WAS EVIDENCED AND THE "TRIAL JUDGE SAID YES." MS. CUNNINGHAM NOTES WERE NEVER INTRODUCE AS EVIDENCE IN THE TRIAL TO CORROBORATE HER TESTIMONY. CLEARLY THERE WAS SOME CONCERN ON THE PART OF THE JUROR'S. CENTERING AROUND TESTIMONY OF MS. CUNNINGHAM. "THE JUROR'S QUESTION THE COURTS".

DEFENDANT CLAIMS MS. CUNNINGHAM'S TESTIMONY WITHOUT THE PRESENTATION OF HER NOTES IS CLEARLY HEARSAY. THERE WERE NO DISCUSS ABOUT THE NOTES NEXT DAY DOING TRIAL PROCEEDING FOR THE TRIAL JUDGE TO SAID "IT DID NOT CAUSE EITHER SIDE TO RECALL MS. CUNNINGHAM BACK AS A WITNESS. SEE FEB 22, PAGE 94 THERE WERE NO DISCUSS ABOUT THESE NOTES OR STATEMENTS THAT WAS RECIEVED BY PROSECUTION BECAUSE DEFENDANT AND JURY LEFT THE COURT ROOM WHEN THE FAX CAME IN, THE PROSECUTION. SEE TT FEB 20, PAGE 168

DEFENSE COUNSEL FAILED TO SHARE WITH DEFENDANT THE DISCOVERY AND REFUSED TO ALLOWED THE DEFENDANT TO VIEW THESE NOTES.

THE FOLLOWING FACTS ARE SET FORTH IN PETITION GROUND THREE A-9 STATE'S LATE DISCLOSURE, PER BRADY V. MARYLAND, 373, 83 (1963) OF ALL EXCULPATORY INFORMATION, EVIDENCE OR WITNESSES KNOW TO THE GOVERNMENT, INCLUDING ANY INFORMATION WHICH RELATES TO MOTIONS TO SUPPRESS EVIDENCE OF DISMISS THE CHARGES;

DISCLOSURE, PER BOYER V. STATE, DEL. SUPR.. 436 A.2d. 1118, 1126 (1981) OF ANY CRIMINAL RECORD OF PROSECTION WITNESSES ACCESSIBLE TO THE GOVEMENT AND REFLECTING ON SAID WITNESS CREDIBILITY; AND OPPORTUITY. PER JENKS . U.S. 353 U.S 657 (1957), TO REVIEW REPORTS AND STATEMENTS, WHETHER ORAL, WRITTEN OR RECORDED, MADE BY PERSONS WHO WILL TESTIFY AT TRIAL.

MOVANT CLAIMS HE WAS ILLEGALLY ARRESTED FOR KIDNAPPING IN THE 1ST DEGREE IN VIOLATION OF HIS 6th AND 14th AMENDMENT RIGHTS, WHICH DENIED HIM THE RIGHT TO A FAIR TRIAL.

MOVANT CLAIMS HE WAS ILLEGALLY ARRESTED FOR NUMEROUS CHARGES AND IF MOVANT WAS GIVEN COMPETENT DEFENSE COUNSEL, HE WOULD HAVE BEEN NOT GUILTY OF THE CHARGES.

MOVANT CLAIMS THIS IS SIMPLY A DOMESTIC CASE WHICH WAS BLEW OUT OF PORPORTION. HOWEVER IT WAS DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, THE PROSECUTOR WAS ABLE TO PRESENT THIS CASE IN COURT. SEE STICKLAND VS. WASHINGTON 104 S Ct. 2052, 2068

MOVANT CLAIMS THE ARRESTING OFFICER USED FALSE AND MISLEADING INFORMATION TO OBTAIN AN ILLEGAL ARREST! THIS WAS A DIRECT VIOLATION OF NOVANTS 6th AND 14th AMENDMENT RIGHTS. THE MOVANT CONSISTANLY CLAIMS HIS INNOCENSE. SEE... MURRAY VS. CARRIER 477, U.S. 478, 485 91 L. Ed 2d 397, 106 S. Ct 2639 (1986).

MOVANT CLAIMS THE FALSE AND MISLEADING WAS THE ALLEGED VICTIM WAS KIDNAPPED IN THE COURSE OF THE THREE DAYS AND WAS UNABLE TO LEAVE THE HOUSE. AS WRITTEN IN THE POLICE REPORT TO SUPPORT THE CHARGE OF KIDNAP, IN 1ST DEGREE, THE ARRESTING OFFICER SWORE UNDER OATH IN OPEN COURT UNDER THE PENALTY OF PERJURY THAT THE ACCUSED WOULD NOT ALLOW THE ALLEGED VICTIM TO LEAVE THE HOUSE FOR ANY REASON. SEE... "POLICE REPORT" IN EXHABIT PAGE 6.

MOVANT CLAIMS THIS WAS UNTRUE BECAUSE AT TRIAL THE ALLEGED VICTIM STATED THE ACCUSED WOULD COME AND GO IN THE COURSE OF THIS 3 DAYS ORDEAL. SEE TT FEB 19 PAGE 103, DEFENSE COUNSEL HAD THE AFFIDAVIT TO IMPEACH THE ALLEGE VICTIMS TESTIMONY BUT FAILED TO INTRODUCE THE EVIDENCE AT THE TIME OF TRIAL. THE FAILURE OF HIS ATTORNEY TO SUBMITT IMPEACHABLE EVIDENCE TO THE JURY FOR DELIBERATION VIOLATED HIS 6th AND 14th AMENDMENT RIGHT TO A FAIR TRIAL.

THESE TESTIMONIES AT TRIAL CONTRADICTS WHAT WAS SWORN TO IN THE AFFIDAVIT OF PROBABLE CAUSE, OF THE POLICE AND THE DEFENSE ATTORNEY SHOULD HAVE MOVE TO DISMISS THE ILLEGAL CHARGES DUE TO THE FALSE AND MISLEADING POLICE REPORT AND "AFFIDAVIT".

MOVANT CLAIMS IF THE ALLEGED VICTIMS TESTIMONY ON THE WITNESS AT A JURY TRIAL, THAT MOVANT WOULD COME AND GO OVER THE COURSE OF THIS 3 DAYS ORDEAL. ITS MOVANTS CONTENTION THAT HE SHOULD HAVE NEVER BEEN CHARGED WITH KIDNAP IN THE FIRST DEGREE BECAUSE THE ALLEGED VICTIM WAS FREE TO LEAVE THE HOUSE AT ANY TIME WHILE THE ACCUSED WAS OFF THE PRIMISES.

MOVANT CLAIMS HE HAS BEEN ILLEGALLY CHARGED FOR CRIMES ITS IMPOSS-IBLE FOR HIM TO HAVE COMMITTED AND ITS WAS DUE TO THE NEGLIGENCE OF DEFENSE COUNSEL HE WAS FOUND GUILTY. COUNSEL SHOULD HAVE MOVED TO DISMISS THE CHARGES WAY BEFORE TRIAL BUT HE REFUSED TO MOTION THE COURT FOR A DISMISSAL.

MOVANT CLAIMS HE WAS DENIED HIS WITNESSES TO CORROBORATE HIS TESTIMONY CONCERNING HIS ACTION AND WHEREABOUTS FROM THE DATE JANUARY 15 UP UNTIL JANUARY 18 YEAR 2001.

MOVANT CLAIMS HE WAS DENIED HIS RIGHT TO A FAIR TRIAL DUE TO HIS DEFENSE COUNSEL FAILING TO COMPLETELY GATHER CORROBORATE EVIDENCE FROM THE SOURCES HIS CLIENT GAVE TO DEFENSE COUNSEL'S TO INVESTIGATE THE CASE AND INTERVIEW THE PROPER WITNESSES FOR PROPER DEFENSE. SEE ... WILLIAMS VS. WASHINGTON 59 F 3d 673 (7TH CIR. 1995) THIS CONSTITUTES INFFECTIVE COUNSEL SEE: BERRYMAN V. MORTON 100 F.3d 1089  SEE: STATEMENTS IN EXHABIT PAGE C-22,23, 54, 55

PETITIONER MATERIALLY PREJUDICED BY COUNSELS TO INVESTIGATE AND PRESENT DEFENSE. WOLF V. BRITTON 509 F.2d 304, 309 (8TH CIR 1975) EFFECTIVE ASSISTANCE REFERS NOT ONLY TO FORENSIC SKILLS BUT TO PAINSTAKING INVESTIGATION IN PREPARATION FOR TRIAL.

IT IS THE DUTY OF THE LAWYER TO CONDUCT A PROMPT INVESTIGATION OF THE CIRCUMSTANCES OF THE CASE AND TO EXPLORE ALL AVENES LEADING TO FACT RELEVANT TO THE MERITS OF THE CASE AN THE PENALTY IN THE EVENT OF CONVICTION

THE INVESTIGATION SHOW ALWAYS INCLUDE EFFORTS TO SECURE INFOMATION IN THE POSSESSION OF THE PROSECUTION AND LAW EFORCEMENT AUTHORITES THE DUTY TO INESTIGATE EXISTS REGARDLESS OF THE ACCUSED'S ADMISSION OR STATEMENTS TO THE LAWYER OF FACT. THE PROSECUTOR FAILED TO LAY A PROPER FOUNDATION TO ALLOW THE PICTURES TO BE ENTERED INTO EVIDENCE BECAUSE THE REASON COULDN'T BE SEEN, IF THEY'ER WERE ANY BRUISES ON THE ALLEGED VICTIM WRIST, IT WAS IMPOSSIBLE TO LAY A PROPER FOUNDATION FOR SOME OF THE PICTURES.

MOVANT CLAIMS THE PROSECUTION ILLEGALLY SUBMITTED EVIDENCE, IN VIOLATION OF HIS 6TH AND 14TH AMENDMENT RIGHT WHICH INTURN DENIED HIM THE RIGHT TO A FAIR TRIAL.

MOVANT CLAIMS THE PICTURES WERE ILLEGAL BECAUSE, IT WAS NOTED THE PICTURES WERE NOT CLEAR. SEE ..TT FEB 20, PAGE 110 BECAUSE OF THE PREJUDICIAL EFFECT THEY HAD ON THE JURY AND THE WHOLE TRIAL BECAUSE IT WAS NOTED THESE PICTURES ARE TO DARK TO ACTUALLY SHOW THE EXTENT OF THE COLORS. HOWEVER THESE ILLEGAL PICTURES ALLOW VERY PREJUDICIAL TESTIMONY TO BE PRESENTED TO THE JURY. FROM THE STATES WITNESSES THAT IS NOT EXPERT PHOTOGRAPHER, IT WAS ILLEGAL FOR THE PROSECUTOR TO ILLISTED PREJUDICIAL TESTAMONY FROM THE STATES WITNESSES THEREBY PREJUDICING THE MIND OF THE JURY.    "AS NOTED ON CUNNINGHAM - DIRECT"

AFRICAN AMERICAN FEMALE, HOW WOULD YOU DISCRIBE OR GAUGE HER COMPLEXION MEDIUM, DARK, LIGHT? (A) DARK I WOULD SAY.

SHE HAD CUTS AND BRUISES TO BOTH ARMS SOMETIMES WITH AND AFRICAN AMERICAN WOMAN YOU CAN'T SEE THE BRUISES AS DARKLY ESPECIALLY ON THIS INSIDE.

MOVANT CLAIMS THIS TESTIMONY WAS ILLEGAL AND PREJUDICE THE MINDS OF THE JURY, BECAUSE FIRST THE STATEMENT WAS NOT TRUE, AND IT WAS GIVING THE JURY A FALSE SENSE OF SECURITY, BY MISLEDDING THEM TO BELIEVE THE ALLEGED VICTIM WAS TO DARK TO PHOTOGRAPH.

DEFENSE COUNSEL SHOULD HAVE FILED FOR AN EXPERT PHOTOGRAPHER, TO TESTIFY THAT THERE WAS NO BRUISES ON THE ALLEGED VICTIM, FROM BEING TIED UP AS TESTIFIED TO AT TRIAL, SEE.. EXHABIT C-28, "STATE EXHABIT"

MOVANT CLAIMS THE ALLEGED VICTIM DID NOT TESTIFY AT TRIAL THAT SHE HAD CUTS AND BRUISES TO BOTH ARMS ALSO WENT TO THE HOSPITOL AND A DOCTORS REPORT WAS ENTERED INTO EVIDENCE, IN THE DOCTOR REPORT THERE WAS NO MENTION OF CUTS AND BRUISES TO BOTH WRISTS AND AROUND HER ANKLES AS WAS ALLEGED IN THE TRIAL. SEE TT FEB 21, PAGE 20, 21

MOVANT CONTENTION THAT THESE ALLEGED BAD BRUISES WOULD HAVE BEEN LISTED IN THE DOCTORS REPORT AS INJURIES SUFFERED.

MOVANT CLAIMS IT HAS BEEN HELD THAT A PROSECUTING ATTORNEY REPRESENTS ALL THE PEOPLE, INCLUDING THE DEFENDANT WHO WAS BEING PROSECUTED. IT IS A PROSECUTORS DUTY TO SEE THAT THE STATES CASE IS PRESENTED WITH EARNESTNESS AND VIGOR, BUT IT IS EQUALLY THE DUTY OF THE PROSECUTOR TO SEE THAT JUSTICE BE SERVED BY GIVING A DEFENDANT A FAIR AND IMPARTIAL TRIAL.
SEE.. HOLTZMAN V. STATE NO. 221, 1997

HOWEVER DEFENSE COUNSEL DENIED SEVERAL LIGITIMENT REQUEST, FIRST AND FORMOST WAS THE MOTION TO SUPRESS ALL INEGAL AND INADMISSIABLE EVIDENCE
SEE.. SUPERIOR COURT DOCKET PAGE(2) 7/16/2001, "MOTION TO SUPPRESS".
MOVANT CLAIMS HE ALSO REQUESTED HE BE AFFORDED EXPERT WITNESS TO DISPUTE THE STATE CASE. SEE... TITLE 29, 4607 EXPERT FUNDS 687 F 2d 659 DEFENSE COUNSEL DENIED THAT REQUEST, MOVANT WAS PREJUDICE AND DEPRIVEL OF A FAIR TRIAL BECAUSE OF COUNSELS ACTIONS.

MOVANT REQUESTED DEFENSE COUNSEL TO MOTION FOR A JUDGEMENT OF ACQUITTAL ON SAID COUNT BUT COUNSEL REFUSED, TO ADHERE TO THE REASONABLE REQUEST AS WELL TO CAPITOLIZE ON THIS CONTRADICTORY EVIDENCE CONCERNING MEDICAL REPORT REGARDING BAD BRUISES AROUND THE ALLEGED VICTIM'S WRISTS AND THE FACT THE MEDICAL REPORT DOESN'T MENTION ANY THING ABOUT CUTS AND BRUISE.

MOVANT CLAIMS COUNSEL WAS INEFFECTIVE BECAUSE HE FAILED TO OBJECT OR MOVE TO DISMISS THE CHARGES DUE TO THE BRUISES WERE AN ELEMENT OF THE CHARGES OF THIS ILLEGAL INCLUDED KIDNAP IN THE 1St DEGREE PARTLY BECAUSE THE BRUISES WAS SUPPOSE TO BE THE PRODUCT OF THE ALLEGED VICTIM CONFINEMENT, OR KIDNAPPING IN THE 1St DEGREE.

PETITIONER NOW SEEKS REVIEW FROM THIS COURT ON THE ISSUE.

MOVANT CLAIMS THIS CASE MUST BE REVERSED AND ALL CHARGES DISMISSED DUE TO THE VIOLATION OF MOVANTS 6th AND 14th AMENDMENT RIGHTS AND HIS 6St AMENDMENT RIGHT TO LEGAL AND FAIR PROCEEDINGS. WHEN THE STATE FAILED TO PROVE EVERY "ELEMENT" OF THE KIDNAPPING OFFENSE BEYOND A REASONABLE DOUBT.

MOVANT CLAIMS HE IS INNOCENT OF THE CHARGES AND HE SHOULDN'T HAVE BEEN FOUND GUILTY OF NOTHING. SEE.,.. BOUSLEY V. UNITED STATES 523 U.S 614, 118 S Ct 1604, 140 LED 2d 828. (1998) MURRY V. CARRIER 477 U.S. 478, 91 LED 2d 397, 106 S.Ct 2639 (1986), ALSO SEE... SCHLUP V. DELO 513 U.S 298 327 328, 130 LED 2d 808, 115 S Ct. 851 (1995) . . .

13

EMILY CUNNINGHAM HAVING BEEN SWORN UNDER OATH AS A WITNESS FOR THE STATE, WAS CALLED TO THE STAND AND TESTIFIED AS FOLLOWS: CUNINGHAM TESTIMONY AT TRIAL ON RECORD STATED THAT SHE HAD TALKED TO CLECKLEY AND SOMEONE FROM HER JOB, AN EMPLOYEE ASSISTANCE PROGRAM COORDINATOR, ABOUT FOUR TIME THE EVENING OF THE JANUARY 19th AND CLECKLEY LET ME KNOW THAT SHE HAD BEEN PHYSICALLY AND SEXUALLY ASSAULTED. SEE TT FEB 20, PAGE 105

CUNNINGHAM SAY, YEAH CLECKLEY TOLD ME ABOUT THE RAPE BUT THIS WOMAN IS A RAPE COUNSELOR. THE STATE WITNESS BEEN INVOLVED WITH COURT SYSTEM AND THIS TYPE OF STUFF FOR ABOUT FOUR YEARS. SEE TT FEB 20, PAGE 125 CUNNINGHAM SEMI-KNOWLEDGABLE OF WHAT GOES INTO A RAPE INESTIGATION AND EVEN THOUGH SHE'S NOT GOING TO PRESS CLECKLEY TO PUSH CLECKLEY INTO MAKING DECISION ABOUT PRESSING CHARGES, CERTAINLY SHE UNDERSTAND THE IMPORTANCE OF COLLECTING EVIDENCE. CUNNINGHAM ENCOURAGED CLECKLEY TO GO TO EMERGENCY ROOM SO SHE COULD BE CHECKED, IT WAS NOT SPECIFIC IN CHECK FOR, YOU KNOW, FOR BEING RAPED OR SEXUALLY ASSAULTED. BUT CUNNINGHAM SWORN UNDER OATH THAT CLECKLEY TOLD HER THAT SHE HAD BEEN PHYSICALLY AND SEXUALLY ASSAULTED AND WHAT DOES CUNNINGHAM DO, SHE SENDS CLECKLEY TO ST. FRANCIS, WHO DOESN'T EVEN HAVE A SANE UNIT. SHE DOESN'T EVEN TELL CLECKLEY TO GO GET A SANE EXAMINATION. DEFENSE COUNSEL ASKED IF YOU WERE COUNSELING SOMEBODY WHO HAD BEEN THE VICTIM OF A SEXUAL ASSAULTED AND IN THE HYPOTHETICAL SITUATION THEY SAID -- THEY WANTED TO PROSECUTE THIS MATTER WHERE WOULD YOU HAVE TOLD THEM TO GO TO WHICH HOSPITAL? CUNNINGHAM SAID YEAH BUT SHE DID NOT TELL CLECKLEY TO GO TO CHRISTIANA. SEE FEB 20, PAGE 131, THIS IS CUNNINGHAM WORDS NOT MINE -- SAY WELL, MAY BE I FORGOT TO DO THAT. THAT IS PURE NEGLIGENCE ON HER PART. IF CLECKLEY TOLD HER SHE WAS ALLEGE RAPE, SHE WOULD HAVE ADVISED HER, LOOK, CLECKLEY I KNOW YOU MIGHT NOT WANT TO PRESS CHARGES. BUT IT IS IMPORTANT TO GO TO THE HOSPITAL WHERE THEY HAVE A SANE PROGRAM OR HAVE THIS EXAMINED. SEE: WEBER V. STATE, 457 A.2d AT 682 THE WEIGHT OF HER TESTIMONY.
   WEBER V. STATE DEL. SUPP, 457 A.2d 674, 680. (1983)

MOVANT CLAIMS MS. CUNNINGHAM WAS NEGLIGENT, WINN DON'T BELIEVE MS. CLECKLEY TOLD HER SHE WAS ALLEGE RAPE. THE EVIDENCE AT ISSUE IN THIS MS. CUNNINGHAM WAS ASKED IF SHE HAD HER NOTES, WHICH WOULD CONFIRM THE ALLEGE VICTIMS STATEMENTS TO HER. SHE SAID NO. SEE TT FEB 20, PAGE 122 MS. CUNNINGHAM'S TESTIMONY WITH OUT PRESENTATION OF HER NOTES IS CLEARLY HEARSAY EVIDENCE. HER NOTES WERE NEVER INTRODUCE AS EVIDENCE IN TRIAL TO CORROBORATE HER TESTIMONY ABOUT THE ALLEGE RAPE. THIS IS MS. CLECKLEY RESPONSE TO DIRECT QUESTION FROM JANUARY UNTIL MARCH 15,th OR MARCH 12 THAT SHE NEVER SAID SHE WAS ALLEGE RAPE, I ALWAYS REFERRED TO MYSELF AS HAVING BEEN ASSAULTED. SEE TT FEB 20, PAGE 84. THE FOLLOWING MONDAY WE'RE RELYING TOTALLY ON MS. CLECKLEY, BUT SHE SAID SHE NEVER TOLD HER DOCTOR. THIS IS A DOCTOR THAT SHE'S KNOWN FOR 20 YEARS, FEELS VERY COMFORTABLE WITH, HAS A GOOD RAPORT. SHE DID NOT EVEN TELL HIM THAT SHE WAS ALLEGE RAPED BUT SHE DID ASK FOR AN EXAMINATION AND HE EXAMINED HER AND ACCORDING TO MS. CLECKLEY EVERYTHING IS OKAY, SO THERE'S NO EVIDENCE OF ANY FORCED SEX. SEE TT FEB 20, PAGE 60, 61 .. THE GIRL DID ASK ME DID HE RAPE YOU, AND I REMEMER BEING STUCK ON HOW TO ANSWER THE QUESTION, WELL, YOU KNOW, I JUST LET HIM DO IT, YOU KNOW, IT WASN'T LIKE I SAID YES OR NO SEE TT FEB 20, PAGE 44 TH 53 .. SHE GOES ON TO SAY: YOU KNOW AFTER ADDED SO; SHE SAID, REFERRING TO THE NURSE, "OH THAT STILL RAPE", I REMEMBER SAYING THAT, SO YEAH, SHE TOLD HER IT RAPE AND SHE AGREED, YEAH THAT RAPE. SEE TT FEB 20, PAGE 44 ... MR. ROBERTS, ON DIRECT EXAMINATION, NOTHING TO DO WITH CROSS EXAMINATION, ON DIRECT EXAMINATION HIS WITNESS, TALKING ABOUT THE ALLEGE RAPE, ASK MS. CLECKLEY TO DESCRIBE IT, WELL, HE STARTED TO TAKE HIS CLOTHES OFF, WHICH WAS AN INDICATION HE WAS READY FOR SEX SEE: FEB 19 PAGE 87, 88 MR. ROBERTS WAS ASKING, DID YOU MAKE ANY INDICATION THAT YOU DIDN'T WANT TO HAVE SEX? SHE SAID NO, I DIDN'T MAKE ANY INDICATION I DIDN'T WANT TO HAVE SEX WITH HIM, DEFENDANT'S CLAIMS SHE LYING AND MAKING UP WITH THE HELP OF DEFENSE COUNSEL AND PROSECUTOR THIS IS FACT ..

THE RAPE VERDICT - CONVICTION WAS AGAINST THE LEGAL WEIGHT OF THE EVIDENCE: PETITIONER WAS CONVICTED OF RAPE BY A JURY TRIAL. THEIR WAS NO MEDICAL REPORTS, ANALYSIS, PHOTO'S OR ANY OTHER PHYSICAL EVIDENCE SUBMITTED AT TRIAL.

THE EXTENT OF THE EVIDENCE PRESENTED AT TRIAL WAS THE LONE TESTIMONY OF THE ALLEDGED VICTIM. THEIR WAS NO EYE WITNESS OR OTHER TESTIMONY SUBMITTED, TO SUPPORT THE ALLEDGED VICTIMS CLAIM. THEIR IS EVIDENCE / RECORDS OF THE ALLEDGED VICTIM <u>NEVER</u> HAVING REPORTED THE RAPE, WHILE BEING TREATED AT THE HOSPITAL FOR AN ASSUALT 3<u>Rd</u>. <u>SEE</u>. TT FEB 20, PAGE 61

THIS IS THE DIRECT. NOT CROSS - EXAMINATION, NOT A TRICKY QUESTION. THEN SHE GOES ON THE SECOND AND THIRD TIME. SHE SAYS, I CONSENTED TO THE SEX. SHE SAID OKAY BUT I DIDN'T WANT TO.

　　　　(Q) DID HE ASK YOU TO HAVE SEX?

　　　　(A) YEAH, I GUESS HE SAID, CAN I HAVE IT? OR IF HE ASKED,
　　　　　　　I COMPLIED.

　　THAT WAS HER RESPONSE TO DIRECT QUESTION.

　　　　(Q) IT'S FAIR TO SAY, THOUGH, THAT UNTIL MARCH 15th OR MARCH 12th
　　　　　　　THAT YOU NEVER SAID THAT YOU WERE RAPED?

　　　　(A) I ALWAYS REFERRED TO MYSELF AS HAVING BEEN <u>ASSAULTED</u>

　<u>SEE</u> <u>TRIAL TRANSCRIPTS FEB 20, PAGE 84</u>

ACCORDING TO 11 DELAWARE CODE SUBSECTION 775 THE ELEMENTS THAT CONSTITUTES THE OFFENSE OF ALLEDGED RAPE WAS <u>NEVER</u> ESTABLISHED. COUPLED WITH THE ALLEDGED VICTIM NOT REPORTING THE ALLEDGED RAPE WHILE AT THE HOSPITAL AND NO EXAMINATION OF THE THE ALLEDGED VICTIM, WHICH WOULD PRODUCED MEDICAL ANAYLSIS.

PETITIONER ASSERTS THE CREDIBILITY OF THE ALLEDGED VICTIM WAS TO <u>SUSPECT</u>.

* WHEN SHE ASKED THAT QUESTION IF I WAS RAPE. I COUDN'T CLEARLY ANSWER THE QUESTION BECAUSE I DIDN'T-- THE TERM, "RAPE" WAS JUST LIKE-- IT WASN'T LIKE, TO ME THAT IS RAPE. <u>SEE</u> TT FEB 20, PAGE 53

16

DEFENSE COUNSELS PERFORMANCE FELL BELOW AN OBJECTIVE LEVEL OF REASONABLENESS, IN THE CROSS EXAMINATION OF THE ALLEDGED VICTIM, RESULTING IN PREJUDICE AND DEPRIVATION OF A FAIR TRIAL. BECAUSE THE ALLEDGED VICTIM - WITNESS WAS THE ACUSER, IN PETITIONER BEING CHARGED. THE CREDIABILITY OF THIS WITNESS WAS THE BASIS OF THE STATES CASE IN CHIEF. THE VICTIM WHILE AT THE HOSPITAL BEING TREATED FOR AN ASSUALT, NEVER REPORTED BEING RAPED BECAUSE THEIR WAS NO MENTIONING OF RAPE AT THE TIME, THEIR WAS NO EXAMINATION OR RAPE KIT ADMINISTERED,

THEREFORE NO MEDICAL RECORDS EXISTED FOR WHICH TO CONFIRM OR CONTRADICT THE RAPE ALLEGATION. AT SOME POINT LATER (2) TWO MONTHS THE ALLEGE VICTIM CLAIMED TO HAVE INTERCOURSE WITH HIM, WHEN THIS WITNESS WAS ON THE STAND, DEFENSE COUNSEL WAS BOUND TO EXPLORE / QUESTION THE ALLEGE VICTIM ON HER FAILURE TO REPORT THE ALLEDGED RAPE, WHEN SHE REPORTED THE ASSUALT ?

DEFENDANT ASSERTS THE CLAIM OF ALLEDGED RAPE WAS FABRICATED BUT BECAUSE COUNSEL RENDERD INEFFECTIVE ASSISTANCE THE WITNESS DIDN'T HAVE TO EXPLAIN AWAY THE QUESTIONABLE CONDUCT. HAD COUNSEL DILIGENTLY INVESTIGATED, PREPARED AND CROSS EXAMINED THIS WITNESS.

THE LIKELIHOOD OF THE FABRICATION WOULD BEEN APPARENT TO THE JURY. THEIR WAS NO EVIDENCE SUBMITTED / PRESENTED TO SUBSTANTIATE THE CLAIM OF RAPE, OTHER THAN THE VICTIMS OWN WORDS . . . . . .

WHICH DEFENDANT ASSERTS NEVER OCCURRIED. THE PROSECUTION NEVER OFFERED INTO EVIDENCE ANY PROOF THAT A RAPE HAD OCCURRED, NOT EVEN FROM THE ALLEGE VICTIM HER SELF. To **PROOF** THAT THERE WAS SAME FORM OF SEXUAL CONTACT DOESN'T PROVE THAT THERE WAS A RAPE, IT MUST BE PROVEN THAT THE SEXUAL CONTACT WAS WITH OUT COMPLAINANTS CONSENT. THE PROSECUTION NEVER OFFERED ANY DOCUMENTS THAT CONFIRMED THAT A RAPE HAD OCCURRED, NOR DID MS. CLECKLEY TESTIFY THAT SHE WAS RAPED UNDER OATH.

DURING PROSECUTION CLOSING STATED TO THE JURY THAT <u>COUNT</u> <u>ONE</u> OF THE <u>ELEMENTS</u> OF WHETHER OR NOT THE <u>DEFENDANT</u> ENGAGED <u>IN</u> <u>SEX</u> <u>INTERCOURSE</u> WITHOUT THE CONSENT OF THE VICTIM. <u>COUNT</u> <u>ONE</u>, OBVIOUSLY, <u>WITHOUT</u> <u>CONSENT</u> <u>IS</u> <u>NOT</u> <u>A</u> "<u>BIG</u> <u>ISSUE</u>" THERE. <u>SEE</u>. FEB 22, PAGE 6

DEFENDANT WAS EQUALLY PLACED AT A DISADVANTAGE BY THE ALLEDGED CLAIMING ALLEDGED RAPE (LATER) VERSES WHILE AT THE HOSPITAL BECAUSE A EXAMINATION WOULD HAVE SHOWN THEIR WAS NO SPERM, PURBLE, HAIRS, MARKS, BRUSES OR ANY OTHER PHYSICAL EVIDENCE, THAT CONSISTANT WITH A RAPE VICTIM. THE DEFENDANT MAY HAVE NEVER BEEN CHARGED HAD A MEDICAL EXAMINATION WAS IMPLEMENTED. ONCE DEFENDANT WAS CHARGED, IT WAS THAN DEFENSE COUNSEL'S DUTY TO INVESTIGATE AND PREPARE A DEFENSE. BUT DEFENSE COUNSEL'S FAILED / REFUSED TO CONDUCT A MEANINGFUL INVESTIGATION BUT MERELY RELIED ON THE STATE ASSESTMENT OF WHAT OCCURRIED. THE STATES INVESTIGATION WAS CENTERED AND DIRECTION TOWARDS BUILDING A CASE FOR A CONVICTION. WITH THAT SAID, THE POTENTIAL OF BIAS TOWARDS THE DEFENSE, AT ANY RATE THEIR WAS AN OBLIGATORY DUTY ON DEFENSE COUNSEL'S TO CONDUCT AN INDEPENDANT INVESTIGATION INTO THE ALLEDGE OFFENSE'S BECAUSE DEFENSE COUNSEL'S WAS <u>FULLY</u> <u>AWARDED</u> OF THE WITNESS "<u>NURE</u> <u>THOMAS</u>" AND DOCTOR WHO CONDUCTED THE EXAMINATION OF THE ALLEGE VICTIM, AT THE HOSPITAL. <u>SEE</u>. TT FEB 20, PAGE 48, 49. DEFENSE COUNSEL FAILED TO CALL NURSE THOMAS AND THE ATTENDING PHYSICIAN TO TESTIFY TO THE FINDING IN THE MEDICAL REPORTS. DEFENSE COUNSEL STOOD INACTIVE UNTIL TRIAL BEGUN AND AT TRIAL. THE RECORD IS EVIDENCE OF DEFENSE COUNSEL HAVING MERELY GOING THROUGH THE MOTIONS. EVEN ASSUMING THE VICTIM WAS ASSAULTED, DON'T MEAN SHE WAS ALLEGE RAPED BUT BECAUSE COUNSEL FAILED TO DILIGENTLY PURSUE A RATIONAL EXPLAINATION FROM THE ALLEGE VICTIM, AS TO HER OMITTING BEING RAPED WHILE AT THE HOSPITAL.

DEFENDANT CAN NOW ONLY ARGUE PREJUDICE AND INEFFECTIVENESS, WHICH DENIED DEFENDANT A FAIR TRIAL.

PETITIONER BELIEVES THE OFFENSE OF THE ALLEDGED RAPE WAS IGNORANTLY INFERRED FROM THE KIDNAP OFFENSE. DEFENSE COUNSEL FAIL TO OBJECTED TO THE DEMONSTRATION AND THE USE BY THE PROSECUTING ATTORNEY OF THE DUCT TAPE. DEFENSE COUNSEL FILED TO CONDUCT MEANINGFUL INVESTIGATION INTO DEMONSTRATION BY THE PROSECUTION, IT WASN'T ANALYED IN ANY SHAPE OR FACHION BY DEFENSE COUNSEL. WHICH HAD NOT BEEN ENTERED INTO EVIDENCE, IN SUCH A MANNER AS TO INDICATE IT SUPPORT FOR THE CHARGE OF KIDNAPPING CONTEXT BY 11. DEL.C. 786 (A)

THE TRIAL COURT DID NOT OBJECTION THE PROSECUTION IN COURT DEMONSTRATION PLACING DUCT TAPE ON THE PROSECUTION TABLE, TO DEMONSTRATE THE APPEARENCE RESIDUE THAT LEFT ONCE TAPE IS PULLED OFF A SURFACE.

THE ALLEDGED VICTIM TESTIFIED A BELT WAS USED TO RESTRAIN HER HANDS-WRIST SEE .. TT FEB 19, PAGE 80. SO CONTRARY TO THE TESTIMONY OF THE ALLEGE VICTIM AND FACT. THE PROSECUTOR ORCHESTRATED AND MANUFACTURED HIS OWN TESTIMONY ABOUT THE ALLEGE VICTIM HANDS BEING RESTRAINED AT THE TOP THE HEAD BOARD-BED. SEE. TT FEB 20, PAGE 147, 148. THE DUCT TAPE PRESENTED AT TRIAL WAS NOT SEIZED EVIDENCE BUT AN ITEM OBTAINED BY THE PROSECUTOR. THE INTRODUCTION AND USE OF HIS IMPROPERLY SUBMITTED DUCT TAPE AMOUNTED TO FEBRICATED EVIDENCE THAT IS PREJIDICAL, INFLAMITORY AND DEPRIVED DEFENDANT OF EQUAL PROTECTION UNDER THE LAW. THE MERE INFERNCE AND DEMONSTRATION ILLUSTRATED IN COURT.

FURTHER DEPRIVED DEFENDANT OF DUE PROCESS. THE PROSECUTOR KNOWINGLY, WITH RECKLESS DISREGARD FOR THE LAW AND DEFENDANT CONSTITUTIONAL RIGHT OBSTRUCTED THE PROCESS, TO THE DETRIMENT OF DEFENDANT RIGHT. THE POST CONVICTION RULE 61 IS THAT CONVICTION OF RAPE/KIDNAP WAS AGAINST THE LEGAL WEIGHT OF THE EVIDENCE. PETITIONER REQUESTED DEFENSE COUNSEL TO MOTION FOR A JUDGEMENT OF ACQUITTAL ON SAID COUNT BUT DEFENSE COUNSEL REFUSED AND PETITIONER NOW SEEKS REVIEW FROM THIS COURT ON THE ISSUE. IN SUPPORT PETITIONER SUBMITS THE CASE OF KARL LEVI BROOK V. STATE OF MARYLAND 472 A.2d 981 ...

PROSECUTOR MISCONDUCT
AND
HARMFUL ERROR

(1). COMPOUNDING THE PROSECUTIONS, IMPROPER ADMITTANCE OF DUCK TAPE ACQUIRED FROM HOME. THE PROSECUTION HAD ITS WITNESS TESTIFY UNDER A PRETEX OF EXPERT TESTIMONY. ON THE PARTICULAR IMPRINTS- RESIDUE THATS LEFT ON SURFACES ONCE DUCK TAPE IS REMOVED, BECAUSE THEIR WAS NO EVIDENCE OR OTHER EXPERIMENTS, INVOLVING OTHER TAPES, THE POTENTIAL INFERENCE LEFT FOR THE JURY TO DEDUCT, WAS TO ACCEPT AS TRUE THAT DUCK TAPE WAS USED TO BOUND THE ALLEGE VICTIMS HANDS.

(2). THEIR WAS NO PRIOR <u>NOTICE</u> OF THE STATES INTENTION TO OFFER THE EXPERIMENT OR THAT OF THE DUCK TAPE BE EXHIBITED TO JURY IT MUST HAVE BEEN MARKED FOR IDENTIFICATION, PROPERLY IDENTIFIED. <u>PATTERSHALL VS. JENNESS</u>, 485 A.2d 980, THEIR WAS NO STIPULATION EITHER WITH DEFENSE COUNSEL, AS TO THE INTRODUCTION OF THE TAPE OR EXPERIMENT INTENDED.

(3). BECAUSE THE STATE ATTORNEY ISSUED NO PRIOR <u>NOTICE</u> ABOUT THE ABOVE, DEFENDANT WAS ROBBED OF ADEQUATE DEFENSE, AGAINST THE EXPERIMENT AND INTRODUCTION, CAUSING PREJUDICE TO DEFENDANT.

(4). THE PROSECUTOR BEING AN OFFICER OF THE COURT AND A CERTIFIED MEMBER OF THE BAR, BREACHED HIS ETHICAL DUTIES BY UNDERMINING DEFENDANTS CONSTITUTIONAL RIGHT TO A FAIR IMPARTIAL TRIAL. WHICH DENIED HIS 5th AND 14th AMENDMENT RIGHT OF DUE PROCESS OF LAW AND 6ST AMENDMENT RIGHT OF LEGAL AND FAIR PROCEEDING..

THE JURY HAVING ASSUMED THE PURPOSE OF THE KIDNAP, WAS TO CARRY THE ACT OF ALLEGE RAPE OUT SENCE THE DEFENDANT WAS FOUND NOT GUILTY OF THE UNDERLINE OFFENSES OF ASSAULT 2nd AND THE <u>POSSESSION OF A DEADLY WEAPON</u>

DEFENDANT CONTENDS THAT HE WAS DENIED A FAIR TRIAL BY BEING PORTRAYED BEFORE THE JURY AS A LAIR, CHALLENGES THE CLOSING ARGUMENT TO THE JURY BY THE PROSECUTOR MADE SEVERAL IMPROPER STATEMENTS DURING CLOSING ARGUMENT THAT UNDERMINED THE FAIRNESS OF HIS TRIAL. BECAUSE DEFENSE COUNSEL DID NOT OBJECT AT TRIAL TO THE PROSECUTOR'S STATEMENTS ON THE GROUND THAT THE ARGUMENT OF THE PROSECUTOR WAS COUCHED IN THE FORM OF THE STATE WOULD SUGGEST TO YOU THAT THERE'S ONLY ONE PERSON IN THIS TRIAL WITH NO SENSE OF ETHICS AND NO SENSE OF DIGNITY. AND THAT PERSON IS ALSO THE ONLY PERSON IN THE TRIAL THAT HAS A MOTIVE TO LIE. AND THAT'S "<u>STEPHEN WINN</u>". QUALIFYING A PROSECUTOR'S PERSONAL OPINION WITH THE INTRODUCTORY COMMENT "I SUBMIT," DOES NOT SHIELD THE STATE FROM THE PROFESSIONAL TRIAL STANDARD FORBIDDING PERSONAL EXPRESSIONS BY COUNSEL IN THE CREDIBILITY OF WITNESSES OR THE STRENGTH OF THE CASE. THIS COURT HAS PREVIOUSLY DETERMINED THAT AN "I SUGGEST TO YOU ..." ARGUMENT IS CLEARLY IMPROPER AND CONTRARY TO THE A B A STANDARDS AND THE DELAWARE RULES OF PROFESSIONAL RESPONSIBILITY. <u>BROKENBROUGH V. STATE</u> DEL. SUPR. 522 A.2d 851, 858-59 (1987). THE MANNER OF THE "I SUGGEST TO YOU ..." ARGUMENT CONDUCTED BY THE STATE BELOW IS "EXPRESSLY FORBIDDEN," <u>id</u> AT 858 (QUOTING A B A STANDARD FOR CRIMINAL JUSTICE, 3-5.8 2d ed. 1980), BECAUSE "THERE IS NO ALTERNATIVE INTERPRETATION TO SUCH A STATEMENT THAN TO CONCLUDE THAT THE PROSECUTOR PERSONALLY BELIEVES THE ARGUMENT. <u>id</u> AT 859

THE SPECIFIC PROHIBITION AGAINST THIS ARGUMENT DERIVES FROM THE GENERAL PRECEPT THAT A PROSECUTOR MAY NOT STATE HIS OR HER PERSONAL BELIEF IN THE DEFENDANT'S GUILT OR VOUCH FOR THE CREDIBILITY OF HER WITNESSES. ABA STANDARD FOR CRIMINAL JUSTICE 3-5.8 (2d ed. 1980).

THE AMERICAN BAR ASSOCIATION STANDARD FOR CRIMINAL JUSTICE, SEC. 3-5.8 PROVIDES IN PERTINENT PART:

(b) IT IS UNPROFESSIONAL CONDUCT FOR THE PROSECUTOR TO EXPRESS HIS OR HER PERSONAL BELIEF OR OPINION AS TO THE TRUTH OR FALSITY OF ANY TESTIMONY OR EVIDENCE OR THE GUILT OF THE DEFENDANT.

(c) IT IS THE RESPONSIBILITY OF THE COURT TO ENSURE THAT FINAL ARGUMENT TO THE JURY IS KEPT WITHIN PROPER, ACCEPTED BOUNDS COURT. THE STATE, THROUGH ITS PROSECUTOR, SIMPLY CANNOT GIVE ADDED WEIGHT TO THE STRENGTH OF ITS CASE BY MISSTATED THE FACT TO THE JUROR'S. THE DEFENDANT NEVER SAID ANY WERE IN THE "RECORD" THAT HE DIRECTLY TALKED WITH HIS MOTHER. THE CREDIBILITY OF A WITNESS BY PERSONALLY VOUCHING FOR CREDIBILITY OR THE CASE. WEBER V. STATE, DEL. SUPR. 547 A.2d 948, 960 (1988) THIS WAS MANIFESTLY IMPROPER AND SEVERELY PREJUDICED THE DEFENDANT'S RIGHT TO A FAIR TRIAL BASED EXCLUSIVELY ON THE EVIDENCE BEFORE THE JURY. BROKENBROUGH V. STATE 522 A.2d AT 859. THE PROSECUTOR'S OPINIONS AS TO CREDIBILITY OR THE STRENGTH

PENNELL V. STATE, DEL. SUPR. 602 A.2d 48, 51 (1991).

MICHAELS V. STATE, 529 A.2d 752, 763 (1987)

BROKENBROUGH V. STATE, 522 A.2d 851, 858 (1987)

HUGHES V. STATE, DEL. SUPR. 437 A.2d 559 (1981)

PROSECUTION'S IMPROPER COMMENTS DESTROYED THE DEFENDANT'S PRESUMPTION OF INNOCENCE. THE PROSECUTION STATED TO THE JURY IN HIS CLOSING, "DON'T FORGET, TOO, THE DEFENDANT'S VERSION OF THIS INCREDIBLY DETAILED ACCOUNT OF WHAT WENT ON THAT DAY AND IN THE DAYS THE FOLLOWED. HE REMEMBERED HE REPAIRED A CAR BY EMANUAL WALKER AND THAT HE TOOK IT THROUGH THE INSPECTION LANES, NO, WRONG ANSWAR. THE GOVERNMENT IS OFF ON MARTIN LUTHER KING DAY, THAT DIDN'T HAPPEN", SEE TT FEB 22, PAGE 23.

PROSECUTION STATEMENT IN HIS CLOSING WAS TOTALLY CONTRARY TO WHAT DEFENDANT ACCOUNT OF THE DATES OF WHAT OCCURRED ON JANUARY 17th 2001 BY MAKE IT APPEAR THE DEFENDANT IS LYING ABOUT WHAT OCCURRED JAN 17, BY MISREPRESENT THE DATE TO MARCH IS, AND MISCHARCTERIZING THE DEFENDANT'S TESTIMONY OR THE FACT OF THE CASE TO THE COURT OR JURY WAS ILLEGAL AND PREJUDICE THE MINDS OF THE JURY TO BELIEVED DEFENDANT IS LYING, FIRST THE STATEMENTS WAS NOT TRUE. THIS ARGUMENT RESPONDS TO "LOREN C. MEYERS," CHIEF OF APPEALS IN THE SUPREM COURT ANSWERING BRIEF. SEE STATE ANSWERING BRIEF PAGE 8 WHICH CONFIRM DEFENDANT TESTIMONY ABOUT THE CAR GOING THROUGH INSPECTION LANES ON JANUARY 17, 2001. THE DEFENDANT ALSO TESTIFIED THAT HE FIXED THE BACK BRAKES OF THIS WOMAN'S CAR AND TOOK IT THROUGH INSPECTION, SEE TT FEB 21, PAGE 75 TH 77. THE FOLLOWING FACTS ARE SET FORTH IN THE MOTION GROUND TWO PAGE A-5. DEFENSE COUNSEL ACTION BECAME EXTEEMLY PREUDICAL WHEN PROSECUTION REMARK IN HIS CLOSING, WHICH DENIED THE PETITIONER OF HIS 5th AND 14th AMENDMENT RIGHT OF DUE PROCESS OF LAW AND HIS 6th AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

THE PROSECUTOR ARGUMENT IS LIKELY TO HAVE SIGNIFICANT PERSUASIVE FORCE WITH THE JURY. PROSECUTORIAL CONDUCT IN ARGUMENT IS A MATTER OF SPECIAL CONCERN BECAUSE OF THE POSSIBILITY THAT THE JURY WILL GIVE SPECIAL WEIGHT TO THE PROSECUTOR'S OFFICE BUT ALSO BECAUSE OF THE FACT-FINDING FACILITIES PRESUMABLY AVAILABLE OF THE OFFICE". COMMENTARY A B A STANDARDS FOR CRIMINAL JUSTICE 3-5.8 (2d ed 1980).

<u>STATEMENT OF FACTS</u>

DEFENDANT ADMITTED THAT HE HAD PUNCHED CLECKLEY IN THE FACE ONLY AFTER CLECKLEY SCRATCHED HIM IN THE FACE. MOVANT CLAIMS NEVER HAD A FIGHT BEFORE IN THIS THREE (3) YEARS RELATIONSHIP.
MOVANT IMMEDIATELY RUBBING HER BACK TO CALM HER DOWN BY TRIED TO COMFORT HER. MOVANT DID NOT BELIEVE HE HAD THREW THAT PUNCHE TO HURT HER BECAUSE THIS WAS MY BEST FRIEND AND AFTER ALTERCATION CLECKLEY TOLD MOVANT TO GET OUT OF THE HOUSE. CLECKLEY GAVE MOVANT UNTIL THE FIRST OF FEBRUARY 2001 TO LEAVE. MOVANT LIVED THERE ALONE FOR ABOUT TWO (2) WEEKS. CLECKLEY LEFT THE HOUSE JANUARY 19, 2001. CLECKLEY DID NOT COME BACK HOME AFTER ALTERCATION BUT CLECKLEY STAY IN TOUCH WITH ME CONSTANTLY. SHE STAY CALLED ME FROM HER JOB AND SHE VISIT ME AT MY PARENTS HOUSE. WHEN SHE ASKED THAT QUESTION DID SHE HAVE ANY CONTACT WITH MOVANT IN BETWEEN OR ON THESE OCCASION, CLECKLEY SAID YES. THIS IS AFTER JANUARY 19, AND BEFORE MARCH 2nd WHEN SHE WOULD PARKED HER CAR IN THE DRIVEWAY. <u>SEE</u> TT FEB 20, PAGE 75 WE CONVERSATION AND MAKE UP, SHE FORGIVE ME FOR PUNCHE HER.
MOVANT MOVED OUT OF CLECKLEY HOUSE ON FEBRUARY 1, 2001, ON FEBRUARY 2, 2001 MOVANT WAS INITIALLY IMPRISONED FOR NON-SUPPORT. MOVANT AND CLECKLEY WAS IN CONSTANT COMMUNICATION. CLECKLEY DID ACCEPT MY PHONE CALL <u>SEE</u> TT FEB 20 PAGE 64
MOVANT WAS TRIED TO GET CLECKLEY TO VISIT HIM BECAUSE OF THAT AIDS TEST THAT HE TOOK AT GANDER HILL PRISON. HE DID NOT WANTED TO TELL CLECKLEY THE RESULTS OVER THE PHONE. WHEN CLECKLEY DID NOT VISIT HIM WHEN MOVANT WENTED TO FAMILY COURT FOR THE RESTRAINING ORDER ON MARCH 2, 2001 IN OREN COURT MOVANT TOLD CLECKLEY SHE GAVE ME AIDS. CLECKLEY LEFT THE COURTROOM AND MOVANT CAME OUT OF THE COURTROOM MOVANT LOOKED

AT CLECKLEY SAID GET A GUN AND I KEPT WALKING. FROM JANUARY 19th
UNTIL MARCH 2, 2001 THE DEFENDANT AND CLECKLEY HAD BEEN IN CONSTANT
COMMUICATION WITH EACH OTHER STILL HAD BEEN NO CHARGES EVER FILED
AGAINST THE DEFENDANT WHATSOEVER. THESE CRIMES THAT THE DEFENDANT
IS NOW BOUND TO ALLEGEDLY OCCURRED FROM JANUARY 15-18, 2001
IT WASN'T UNTIL THE COURT DATE OF MARCH 2nd WERE THE DEFENDANT
HAD TO APPEAR FOR THE RESTRAINING ORDER. THE DEFENDANT SAID TO
"CLECKLEY GET A GUN". IT WAS THEN AND ONLY THEN THAT THESE ALLEGE
CRIMES SPRUNG UP ON THE DEFENDANT. REMEMBER THESE CHARGES WASN'T
FILED AGAINST THE DEFENDANT UNTIL MARCH 12, 2001.

THE TRUTHFULNESS OF HIS DEFENSE WITH THE KNOWN FACTS. THIS OCCURE
IN FAMILY COURT ABOUT THE AIDS TEST. DEPUTY ATTORNEY GENERAL FOR
SUPERIOR COURT MR. DON ROBERTS WHO REPRESENTING THE STATE IN THIS
TRIAL WANTED DEFENDANT TO DISCLOSED H I V TESTING TO CLECKLEY.
THIS INFORMATION IS ON "PLEA AGREEMENT" THAT I AM ENCLOSED.
"IN CONCLUSION. THEIR WAS A MIX UP OR MISTAKE IN THE HIV TEST
BECAUSE THEIR WAS TWO (2) STEPHEN WINN AT GANDER HILL PRISON, AFTER
SEVERAL MONTHS FOR NURSE TONYA DISCOVER THE MIXUP REGARDING NAMES.
NURSE TONYA INFORM DEFENDANT THAT THEIR ARE TWO (2) STEPHEN WINN
THE REPORT NURSE TONYA OBTAIN HAD STEPHEN R. WINN 177457, THE RESULTS
WAS NEGLECTED. DEFENDANT ALSO TOOK ANOTHER HIV TEST TO MAKE SURE
AND THAT TEST WAS NEGLECTED. MY MEDICAL RECORD IS ON FILE AT D.C.C
THE OTHER PERSON NAME IS STEPHEN E. WINN S B I NO. 00319016
I. D. NO. 010302189 HE WAS REPRESENTED BY ASSISTANT PUBLIC DEFENDER
JOHN S. EDINGER, JR. WHO REPRESENTED DEFENDANT AT HIS TRIAL.
THE TRUTHFULNESS OF HIS DEFENSE WITH THE KNOW FACTS, NO CHARGES EVER
FILED AGAINST THE DEFENDANT UNTIL DEFENDANT OPEN HIS BIG MOUTH.
TO MAKE A LONG STORY SHORT... "JUMP GUN"

Superior Court of the State of Delaware, *New Castle* County

## PLEA AGREEMENT

State of Delaware v. _Stephen R. Winn_

Case No(s): _0103012308_    Cr.A.#s: _IN01-03-1882 through 1889_
_AND IN01-03-1891 AND 1892_

☐ Title 11 HAB. OFFENDER _____    ☐ BOOT CAMP ELIGIBLE    ☐ INELIGIBLE
☐ RULE 11(e)(1)(C) — If out of guideline, reason is as follows: _____
☒ Title 11, §4336, sex offender notification required    ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

Defendant will plead guilty to:

| Count | Cr.A.# | Charge    [LIO if applicable] |
|-------|--------|-------------------------------|
| I | IN01-03-1882 | RAPE 3RD (LIO - 11 DEL C §771(a)(2)(a)) |
| IV | IN01-03-1885 | UNLAWFUL IMPRISONMENT 1ST (LIO - 11 DEL C §782) |
| V | IN01-03-1838 | ASSAULT 2ND DEGREE |
| VIII | IN01-03-1887 | POSSESSION OF A DEADLY WEAPON DURING the Commission of a FELONY |
| | | |
| | | |

Upon the sentencing of the defendant, a **nolle prosequi** is entered on ☐ the following charges/☒ all remaining charges on this indictment:

| Count | Cr.A.# | Charge |
|-------|--------|--------|
| | | |
| | | |
| | | |
| | | |

Sentence Recommendation/Agreement:    ☒ PSI    ☐ Immediate Sentencing

State and Defendant agree to the following:
☒ Restitution: _TBD by PSI_
☒ No _____ contact w/ _VICTIM_
☒ Other Conditions:
_Register as a Tier III Sex Offender (higher than presumptive tier_
_pursuant to 11 Del. C §4121(e)(7))_
_Anger CONTROL counseling_
_HIV testing w/results to be disclosed to VICTIM_

DAG: _Donald R. Roberts_    DEF. COUNSEL: _____
          PRINT NAME                                PRINT NAME

[signature]                              _____
          SIGNATURE                              SIGNATURE

                                        DEFENDANT: _____

Date: _7/30/2001_

XIC: Attorney for Defendant, Defendant.

AFFIDAVIT OF PROBABLE, INDICATES THAT THIS INCIDENT TOOK PLACE AROUND OR ABOUT JANUARY 15, 2001 BUT THE ALLEGED VICTIM DID NOT REPORT THE INCIDENT UNTIL MARCH THE 12th OF 2001, THE STATE HAS STATED THAT THE ALLEGE VICTIM WAS AFRAID OF THE DEFENDANT AND THIS IS WHY SHE DID NOT BRING FORTH THESE CHARGES AGAINST THE DEFENDANT SOONER. BUT ALLEGE VICTIM TESTIFIED THAT SHE WAS NOT OF AFRAID OF GETTING DEFENDANT IN TROUBLE AT THIS POINT. SEE.. FEB 19 TT PAGE 10.3 BUT SHE NOT IN SUCH FEAR OF DEFENDANT THAT SHE DID NOT TAKE OUT P F A IN BETWEEN THE TIME WHEN THIS ALLEGED INCIDENT TOOK PLACE AND WHEN SHE REPORTED THE ALLEGED INCIDENT IN FAMILY COURT. THIS INCIDENT TOOK PLACE ON, ALLEGEDLY TOOK PLACE ON JANUARY 15th AND SHE FELT IN FEAR ENOUGH OF DEFENDANT ON MARCH THE 2th TO FILE A, P F A BUT NOT TO FILE A REPORT ON THE ALLEGED RAPE AND KIDNAPPING, SHE DID NOT REPORT THE RAPE AND KIDNAPPING IN THE PROCESS OF THE P F A HEARING ON MARCH THE 2nd. WITH REGARD TO THE P F A DEFENDANT IS ENCLOSED MARCH 2, 2001 TRANCRIPT OF THAT HEARING OF THE TESTIMONY ON THE RECORD IN THE FAMILY COURT PROCESS OF THE PROTECTION FROM ABUSE HEARING.

DEFENDANT IS INNOCENT OF THE CRIME OF UNLAWFUL SEXUAL INTERCOURSE, ALONG WITH RELATING OFFENSE. THIS IS NOTHING BUT LIE ...
DEFENDANT CLAIMS TRIAL COUNSEL WAS INEFFECTIVE AT EVERY STAGE OF THESE CRIMINAL PROCEEDING BECAUSE COUNSEL NEVER QUESTIONED ALLEGE VICTIM WHATSOEVER WHY THERE WAS A DELAY FOR A LATE REPORT OF THE ALLEGE RAPE AND KIDNAPPING. WHICH DENIED HIS 5th AND 14th AMENDMENT RIGHT OF DUE PROCESS OF LAW AND 6ST AMENDMENT RIGHT OF LEGAL AND FAIR PROCEEDING, WHICH DENIED DEFENDANT A FAIR TRIAL.

DATED :

RESPECTFULLY SUBMITTED

Stephen R. Winn

27

# THE FAMILY COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

DONNA CLECKLEY,       )

                        )

           Petitioner     )

                        )

                        )

STEPHEN WINN,        )

                        )

          Respondent  )

File No.: CN01-06343

Protection from Abuse

Hearing: 03/02/2001

The Family Court of the State of Delaware
900 King Street
P.O. Box 2350
Wilmington, Delaware  19899

BEFORE:            COMMISSIONER LORETTA YOUNG

APPEARANCES:

                DONNA CLECKLEY
                STEPHEN WINN

                Donna Cleckley, Pro Se
                Stephen Winn, Pro Se

Witnesses:

## TRANSCRIPT OF HEARING

INDEX

Page No.

Direct Exam of Respondent – Mr. Winn by The Court . . . . . . . . . . .     1

Direct Exam of Petitioner – Ms. Cleckley by The Court . . . . . . . . . . .     2

Sentencing – The Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

# Antonio's Word Processing Services, Inc.
## 805 W. 13th Street
## New Castle, Delaware 19720

### CERTIFICATE OF TYPIST

I, *Mary C. Zajaczkowski, typist for the Family Court of the State of Delaware do hereby certify that the foregoing is an accurate transcript of the testimony adduced and proceedings had, in the case herein stated, as the same remains of record in the Office of The Clerk of the Family Court at Wilmington, County of New Castle.*

*WITNESS MY HAND, this 9th day of January 2002.*

Mary C. Zajaczkowski

ASSISTANT:                    Family Court of the State of Delaware is now in session. The Honorable Loretta Young presiding. Please be seated.

THE COURT:                    This is an order of Protection from Abuse. The Petitioner is Donna Cleckley. The Respondent is Stephen Winn. This is File Number CN01-06343. Petition is 0102498. The parties have reached a tentative Consent Agreement as follows: Mr. Winn recognizes that he would be prohibited by Federal law through the duration of this order, which will be one year from today from possessing, receiving, transporting or purchasing firearms or ammunition. And to the best of your knowledge Ms. Cleckley, Mr. Winn doesn't have any firearms. Mr. Winn you also agreed not to threaten or molest, attack, harass or commit any acts of abuse against the Petitioner or any minor children. And to stay one hundred yards away from the Petitioner's person, residence and workplace. And you agree not to contact or attempt to contact her in any way including but not limited to phone, mail or other means.   You're also agreeing that Ms. Cleckley would have exclusive use and possession of the 200 Belt Avenue residence and that you would arrange for a third party to pick up any belongings and furniture with twenty-four hours notice to the petitioner and that would be a one-time arrangement. And that appears to be the full terms of the agreement. Is that correct, Mr. Winn?

MR. WINN:                    Yes. My main concern is a three-year-old dog that I raised. I will have arrangements for my personal belongings to be picked up through my family, that's it.

THE COURT:                    Is that the whole terms of the agreement that I read?

31

MS. CLECKLEY:                    My keys are of a concern to me right now.  I've been told that no one knows where the keys are.  If he was to get out today or tomorrow he would still have access to getting into my home.

THE COURT:                    You could change the locks.  What about the dog is that something that is of your belongings?

MR. WINN:                    She said she would take of the dog for me, Your Honor.

THE COURT:                    Do you want the dog, or do you not want the dog, because if you don't want the dog then he should make arrangements for the first time to pick it up?

MS. CLECKLEY:                    Mr. Winn, as far as I'm concerned abandoned the dog.  He left there with no food and when I was able to get into my home the dog had absolutely no food and he did say that I could keep the dog.  I have been taking care of the dog.

THE COURT:                    So, you're keeping the dog?

MS. CLECKLEY:                    Yes.

THE COURT:                    Is that the full terms of the agreement?

MR. WINN:                    Yes.

MS. CLECKLEY:                    There was some personal belonging on mine, which have been missing from my home and I was wondering if he's able to retrieve his little personal belonging if I'm able to retrieve mine as well.  I've made a list of things that are missing from my home since I've been back to my home.  I'm not back in my home as of yet.

THE COURT:                    Where is your home.  Is that the 2000

Belt Avenue?

MS. CLECKLEY:                 Yes.

THE COURT:                    So there's some stuff that was yours

and now it's now there?

MS. CLECKLEY:                 Yes.

THE COURT:                    Well, the problem is that Mr. Winn is

incarcerated.

MS. CLECKLEY:                 Well, they were placed somewhere

before he was incarcerated.

THE COURT:                    What are the things that you are looking

for?

MS. CLECKLEY:                 My keys, he had six keys to my house.

There are little material items, jewelry and a remote control to a television set and some

pictures, trashcans, laundry baskets and things of that nature.

THE COURT:                    Well, I would like to be able to resolve

all of these things but I simply can't put in this order that I need him to return six keys

and some garbage cans.  There's no way for me to keep track of this.

MS. CLECKLEY:                 I understand but in the meantime he

wants to come and retrieve things.  Does that mean that I have to give him his stuff if he

can't give me back mine?

THE COURT:                    Well, look do you want to agree to this

or not.  Do you need to talk some more to Mr. Winn or is this going to be consent?  I

need you to both to work out the terms of this I'll make that consent order.  But I'm not

going to keep adding to this order that you need to return these things and he needs to give you keys back, he's incarcerated. What I'm saying to you, he's incarcerated and if I say, "return the laundry baskets, pictures and garbage cans and whatever, some third party has got to do it. And if the third party doesn't do it, you're going to have to wait for him to get out of jail and then you're going to have to file a motion for contempt and then the Court is going to have to hear that. And I don't know where these things are going to be when he gets out.

MS. CLECKLEY:                Well, isn't there some kind of way where he could notify the third party, whoever he's going to send over to pick up his belongings to return my personal belongings, would that be a problem?

THE COURT:                I don't know, you'll have to ask him and maybe you could work that out.

MS. CLECKLEY:                Would that be a problem, Mr. Winn?

MR. WINN:                I don't think I'll be around long enough to speak to anybody in my family, anymore. "I WANTED TO DIE BECAUSE OF THAT TEST" THE TEST WAS A MIX UP

MS. CLECKLEY:                Okay, we can just leave it as it is.

THE COURT:                The agreement is as it stands. You both have colloquies that have about twelve questions on there. Ms. Cleckley, you know that by entering this consent you're giving up your right to a trial on the allegations. You could of have a trial where you could have spoke to your allegations that are contained in your petition. And you know that by entering the consent the Court has no information whatsoever as to whether or not those things are true?

MS. CLECKLEY:                Yes, I'm aware of that.

THE COURT:                    Because Mr. Winn is not admitting to those things and this is just an agreement to do or not to do certain things, the things that I read to you in the order.  To stay away, the no contact, the exclusive use and possession of that residence.  Do you know that if Mr. Winn does not follow this order it can result in his arrest and incarceration?

MS. CLECKLEY:                 Yes, I'm aware of that.

THE COURT:                    You know by entering this consent you won't be able to use this order as proof in the future that the allegations are true?

MS. CLECKLEY:                 I'm aware of that as well.

THE COURT:                    Has anyone forced you to give up your right to a trial, Ms. Cleckley?

MS. CLECKLEY:                 No.  It was just brought to my attention, the day of the trial.

THE COURT:                    You just found out about that trial today?

MS. CLECKLEY:                 Yes.

THE COURT:                    Well, did that impact on your decision to give up the trial?

MS. CLECKLEY:                 It just brought on more confusion and misunderstanding.  I didn't know anything about trial, I thought this was trial.  I wasn't aware that was another option whether if he didn't consent.  It wasn't brought to my attention last week or February 2nd when I met with you.

THE COURT:                    All right.  So today are you deciding to give up your trial voluntarily?

MS. CLECKLEY:                 Yes.

THE COURT:                          And you know that this Court's order, no

Court's order can guarantee your safety and you know what to do if there's a violation f

the order?

MS. CLECKLEY:                    Yes, I am aware.

THE COURT:                          If you would please sign the colloquy

and date it. Mr. Winn, you know that you too are giving up your right to a trial. That you

could have refuted the allegations in Ms. Cleckley's petitions and by entering this

consent you are abound to obey the order. If you don't you could be charged with a

Class A misdemeanor, which in this State carries a penalty of up to one-year in prison

and twenty-three hundred-dollar fine. You know that the probation is not enforceable

against Ms. Cleckley?

MR. WINN:                             Yes.

THE COURT:                          Has anyone made you any promises or

have there been any threats or undue persuasions to cause you to give up your right to

a trial?

MR. WINN:                             No.

THE COURT:                          If you'll sign your colloquia and date it.

You'll have a copy of the order in about ten minutes. You need to sign the order, Mr.

Winn and I need to sign the order and then we'll distribute copies and then the parties

will be free to leave the Courthouse. Thank you.

CONCLUSION


NOW THEREFORE, BASED UPON THE REASONS EXPRESSED AND THE AUTHORITIES CITED THEREIN, AS WELL AS THE ESTABLISHED LAW, THIS COURT MUST NOT UNDERMINED THE PRINCIPLE THAT THE DEFENDANT, NOT HIS LAWYER.

PETITIONER'S CLAIMS THAT AT TRIAL, AND ON DIRECT APPEAL, IT IS INAPPROPRIATE TO HOLD DEFENDANT FOR THE ERRORS OF HIS ATTORNEY.

DEFENDANT CLAIMS THAT HE ASKED COUNSEL TO RAISE ISSUES ON DIRECT APPEAL. (T)HE ACCUSED HAS THE ULTIMATE AUTHORITY TO MAKE CERTAIN FUNDAMENTAL DECISIONS REGARDING HIS CASE.

DEFENDANT CLAIMS THAT THIS COURT SHOULD REVIEW THE ISSUES PRESENTED IN THIS MOTION FOR UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS SUPPORT MEMORANDUM AND DECIDE THE ISSUES PRESENTED WITHOUT ANY BAR RESTRICTION. ACCORDINGLY, PETITIONER MOTION FOR POST-CONVICTION RELIEF MUST BE "GRANTED" AND HIS CONVICTION BE REVERSE / VACATED BASED UPON THE GROUNDS THAT THE INFERENCES ON WHICH THE CONVICTION IS BASED IS NOT JUSTIFIED BY THE RECORD AND FOR THE VIOLATION OF THIS CONSTITUTIONAL RIGHT ...


DATED: 6/7/2006

RESPECTFULLY SUBMITTED,

Stephen R. Winn    PRO SE,

STEPHEN R. WINN  177957
D.C.C 1181 PADDOCK ROAD
SMYRNA, DE 19977

U.S.M.S.
X-RAY

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

844 N. KING STREET, LOCKBOX 18

WILMINGTON, DELAWARE

19801 - 3570

I/M  STEPHEN WINN

SBI# 177957  UNIT 19

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

SUPERIOR COURT CRIMINAL DOCKET          Page    1
( as of  10/10/2002 )

State of Delaware v.  STEPHEN R WINN                    DOB: 08/31/1962
State's Atty: DONALD R ROBERTS , Esq.      AKA: STEPHEN STEPHEN
Defense Atty: JOHN S EDINGER , Esq.             STEPHEN STEPHEN


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0103012308 | IN01031882 | RAPE 1ST DDW/DI | TG | 02/22/2002 |
| 002 | 0103012308 | IN01031883 | RAPE 1ST DDW/DI | TNG | 02/22/2002 |
| 003 | 0103012308 | IN01031884 | RAPE 1ST DDW/DI | TNG | 02/22/2002 |
| 004 | 0103012308 | IN01031885 | KIDNAP 1ST | TG | 02/22/2002 |
| 005 | 0103012308 | IN01031886 | ROBBERY 1ST | TNG | 02/22/2002 |
| 006 | 0103012308 | IN01031887 | PDWDCF | TNG | 02/22/2002 |
| 007 | 0103012308 | IN01031888 | ASSAULT 3RD | TGLI | 02/22/2002 |
| 008 | 0103012308 | IN01031889 | PDWBPP | TNG | 02/22/2002 |
| 009 | 0103012308 | N01031890 | TAMP W PHY EVID | NPL | 02/22/2002 |
| 010 | 0103012308 | IN01031891 | CR CON PRO ORD | TG | 02/22/2002 |
| 011 | 0103012308 | IN01031892 | TERROR THREAT | TG | 02/22/2002 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| | 03/27/2001 | CASE ACCEPTED IN SUPERIOR COURT. | |

    03/27/2001
      CASE ACCEPTED IN SUPERIOR COURT.
      ARREST DATE: 03/16/2001
      PRELIMINARY HEARING DATE:
      BAIL:
      HELD ON SECURED BAIL             162500.00 100
      NO CONTACT, DIRECT OR INDIRECT WITH DONNA CLECKLEY.
      YOU WILL STAY 100 YARDS OR MORE AWAY FROM VICTIM.
      REPORT TO PRETRIAL SUPERVISION.
      OTHER: CURFEW AT 10:00 PM. YOU WILL ESTABLISH A TEMPORARY
      RESIDENCE AT 122 PARMA, NEW CASTLE. (FATHER, 655-1302)
2   04/09/2001
      INDICTMENT, TRUE BILL FILED.NO 61
      CASE REVIEW AND ARRAIGNMENT 05/21/01 AT 1:45
4   04/16/2001
      NOTICE OF SERVICE OF DISCOVERY AND ACKNOWLEDGEMENT OF RECEIPT OF
      DISCOVERY RESPONSE.
3   04/18/2001
      TRANSCRIPT OF PRELIMINARY HEARING FROM MARCH 26, 2001.
5   05/07/2001
      SUMMONS MAILED.
6   05/07/2001
      SUMMONS MAILED.

CERTIFIED AS A TRUE COPY
ATTEST: SHARON AGNEW
PROTHONOTARY
BY

A1

```
                    SUPERIOR COURT CRIMINAL DOCKET           Page    2
                       ( as of   10/10/2002 )

State of Delaware v.   STEPHEN R WINN                    DOB: 08/31/1962
State's Atty: DONALD R ROBERTS , Esq.      AKA: STEPHEN STEPHEN
Defense Atty: JOHN S EDINGER , Esq.             STEPHEN STEPHEN


        Event
No.     Date            Event                           Judge
------------------------------------------------------------------------------
7    05/07/2001
     SUMMONS MAILED.
     05/21/2001                            CARPENTER WILLIAM C. JR.
     CASE REVIEW & ARRAIGNMENT CALENDAR: SET FOR FINAL CASE REVIEW.
     DATE: 073001. ARWRNG.
10   06/08/2001
    *MOTION TO DISMISS CURRENT COUNSEL (PRO SE)  FILED.
     SCHEDULED FOR CONTROL FOR REP. CALENDAR 7/10/01
8    06/13/2001
    *MOTION FOR HEARING TO DETERMINE REPRESENTATION STATUS FILED.
     JOHN S. EDINGER, JR., ESQ.
     SCHEDULED FOR 6/18/01 @ 1:30
     06/18/2001                            ALFORD HAILE L.
     MOTION FOR HEARING TO DETERMINE REP STATUS PASSED 1 WEEK.
9    06/25/2001                            HERLIHY JEROME O.
    *MOTION TO DETERMINE REPRESENTATION STATUS PASSED TO 7/3/01 CONTROL
     FOR REP. CALENDAR.
16   07/02/2001
    *DEFENDANT'S LETTER FILED. DISATISFACTION WITH COUNSEL.
11   07/03/2001
     ARRAIGNMENT CALENDAR - CONTROL FOR REPRESENTATION CONTINUED.  NEW DATE
     SET.  07102001
12   07/10/2001                            VAVALA MARK STEPHEN
     ARRAIGNMENT CALENDAR - CONTROL FOR REPRESENTATION, DEFENDANT WAIVED
     READING OF INDICTMENT, PLEA OF NOT GUILTY ENTERED, JURY TRIAL DEMANDED
14   07/11/2001
     DEFENDANT'S LETTER FILED.
13   07/16/2001
     REFERRAL TO COUNSEL MEMORANDUM FILED.
     ATTACHING LETTER/DOCUMENT FROM DEFENDANT.  REFERRED TO DEFENSE COUNSEL
     AS ATTORNEY OF RECORD.  COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE
     COURT AND NOT RETAINED WITH THE COURT'S FILE.  PLEASE ADVISE YOUR
     CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE
     DIRECTED TO YOU. EDMUND HILLIS, ESQ
     REFERRED BY:  (AMH)
    * MOTION TO SUPPRESS.
     07/30/2001                            GEBELEIN RICHARD S.
     FINAL CASE REVIEW:  TRIAL DATE TO BE SET.
     REFERRED TO TTPEND CALENDAR FOR TRIAL DATE SELECTION.
17   08/03/2001
     LETTER (COPY) FROM DEFENDANT TO RAY SCOTT, SPECIAL INVESTIGATIONS
     UNIT.
```

A 2

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                    ( as of  10/10/2002 )

 ate of Delaware v.  STEPHEN R WINN                    DOB: 08/31/1962
 State's Atty: DONALD R ROBERTS , Esq.     AKA: STEPHEN STEPHEN
 Defense Atty: JOHN S EDINGER , Esq.            STEPHEN STEPHEN


       Event
 No.   Date            Event                              Judge
 ------------------------------------------------------------------------------
 15    08/07/2001
       MOTION FOR REDUCTION OF BAIL FILED.
       BY JOHN S. EDINGER JR.,ESQ
       SCHEDULED 8/21
 20    08/17/2001
       DEFENDANT'S LETTER FILED. WRITING TO MR. EDINGER CONCERNING HIS
       WITNESSES AND THEIR LACK OF CONCERN.  DEF WANTS MR. EDINGER TO
       CONTACT HIM.
 19    08/20/2001
       DEFENDANT'S LETTER FILED. WRITING ON BAIL REDUCTION DEF RECEIVED
       ON 08/08/01.  DEF IS CLARIFYING HIS INCARCERATION DATE WAS 02/03/01
       NOT 03/16/01 AS MR. EDINGER HAS NOTED. DEF IS ASKING MR. EDINGER
       TO CONTACT HIM TO CLARIFY THIS.
 21    08/20/2001
       DEFENDANT'S LETTER FILED. WRITING TO MR. EDINGER CONCERNING THE
       EVIDENCE SEIZED AT DEF HOME AND WANTS MR. EDINGER TO CONTACT HIM.
 18    08/21/2001                            VAVALA MARK STEPHEN
       MOTION FOR REDUCTION OF BAIL DENIED.
       BAIL INCREASED TO 162,500.00 CASH ONLY
  3    08/31/2001
       MOTION FOR APPOINTMENT OF COUNSEL (PRO SE)  FILED.
       REFERRED TO JUDGE SLIGHTS - OFFICE JUDGE
 22    09/05/2001
       DEFENDANT'S LETTER FILED CONCERNING MEMORANDUM DATED 7/12/01.
 26    09/07/2001
       DEFENDANT'S LETTER FILED. REQUESTING NAME OF DEFENSE ATTORNEY.
 24    09/14/2001
       ORDER SCHEDULING TRIAL FILED.
       TRIAL DATE: 1/8/02
       CASE CATEGORY:____1
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): SCD
       UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
       OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
       FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
       CONTINUANCE REQUESTS WILL BE DENIED.
 25    09/19/2001                            SLIGHTS JOSEPH R. III
       ORDER:HIS 19TH DAY OF SEPTEMBER,2001, DEFENDANT HAVING FILED A
       PRO SE MOTION FOR APPOINTMENT OF COUNSEL, IT IS HEREBY ORDERED THAT
       SAID MOTION IS DENIED. DEFENDANT IS REPRESENTED BY COUNSEL AND MUST,
       ABSENT EXTRAORDINARY CIRCUMSTANCES, ADDRESS THE COURT THROUGH COUNSEL.
       SUCH CIRCUMSTANCES DO NOT EXIST HERE. ACCORDINGLY, DEFENSE COUNSEL
       MUST INITIATE ANY MOTION THAT WILL CHANGE THE STATUS OF
```

A3

SUPERIOR COURT CRIMINAL DOCKET                    Page    4
( as of  10/10/2002 )

State of Delaware v.  STEPHEN R WINN                    DOB: 08/31/1962
State's Atty: DONALD R ROBERTS , Esq.    AKA: STEPHEN STEPHEN
Defense Atty: JOHN S EDINGER , Esq.           STEPHEN STEPHEN

|      | Event | | |
|------|-------|--|--|
| No.  | Date  | Event | Judge |

REPRESENTATION. THE COURT HAS FORWARDED THE PRO SE MOTION TO DEFENSE
COUNSEL SO THAT HE MAY ADDRESS DEFENDANT'S CONCERNS AND MAKE ANY
APPLICATION TO THE COURT HE DEEMS APPROPIATE

32  09/28/2001
DEFENDANT'S LETTER FILED.
WANTS TO KNOW THE STATUS OF PRO SE MOTION FOR APPOINTMENT OF COUNSEL.

27  10/17/2001
DEFENDANT'S LETTER FILED.
WITNESS LIST FOR DEFENSE ATTORNEY JOHN EDINGER, ESQ

31  10/22/2001
MOTION FOR COMMITMENT FOR PSYCHIATRIC EVALUATION.
SENT TO JUDGE CARPENTER 10/31/01.

28  10/23/2001
MOTION TO TRANSPORT FILED BY JOHN EDINGER SCHEDULED 10/29

30  10/24/2001
DEFENDANT'S LETTER TO JOHN EDINGER, ESQ (PUBLIC DEFENDER)
LETTER REGARDING AN INTERVIEW CONCERNING THE VICTIM'S STATEMENTS.
* SEE FULL LETTER IN FILE.

9   10/29/2001                          CARPENTER WILLIAM C. JR.
MOTION TO TRANSFER DEFENDANT TO THE OFFICE OF THE PUBLIC DEFENDER FOR
POLYGRAPH TESTING-GRANTED

34  11/06/2001                          CARPENTER WILLIAM C. JR.
ORDER: IT IS SO ORDERED THAT THE DEFENDANT BE TRANSFERRED TO THE MULTI
PURPOSE CRIMINAL JUSTICE FACILITY TO THE DELAWARE PSYCHIATRIC CENTER.
FOR A PSYCHIATRIC EVALUATION.  SO ORDERED JUDGE CARPENTER.

33  11/08/2001
DEFENDANT'S LETTER FILED. IN REFERENCE TO YOUR HONOR'S RULING ON PRIOR
REQUEST TO DISMISS PRESENT COUNSEL. REFERRED TO JUDGE SLIGHTS.

39  11/21/2001
DEFENDANT'S LETTER FILED.
ADDITION WITNESS FOR TRIAL

41  11/27/2001
LETTER FROM: JUDGE SLIGHTS       TO: EDINGER
RE: INFORMATIONAL LETTER NO ACTION REQUIRED.

35  11/30/2001
DEFENDANT'S LETTER FILED.
COPY OF WITNESS LIST

36  12/05/2001                          CARPENTER WILLIAM C. JR.
ORDER:_ MOTION TO TRANSPORT- AND NOW TO WIT, THIS 4TH DAY OF DECEMBER
2001, THE FOREGOING MOTION HAVING BEEN HEARD AND CONSIDERED, IT IS
HERBY ORDERED THAT THE DEPT. OF CORRECTION TRANSPORT THE DEFENDANT FOR
POLYGRAPH TESTING AT THE OFFICE OF THE PUBLIC DEFENDER, DANIEL L.

A4

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    5
                      ( as of  10/10/2002 )

State of Delaware v.  STEPHEN R WINN                    DOB: 08/31/1962
State's Atty: DONALD R ROBERTS , Esq.      AKA: STEPHEN STEPHEN
Defense Atty: JOHN S EDINGER , Esq.              STEPHEN STEPHEN


       Event
No.    Date           Event                            Judge
--------------------------------------------------------------------------
       HERMANN COURTHOUSE, 1020 N. KING STREET, WILM, DE GROUND FLOOR, WILM,
       DE 19801. IT IS REQUESTED THAT THE DEFENDANT BE TRANSFERRED ON
       WEDNESDAY, DEC. 5, 2001 AT 9:00.
37     12/17/2001
       DEFENDANT'S LETTER FILED.
       REQUEST FOR POLYGRAPH RESULTS
38     12/17/2001
       DEFENDANT'S LETTER FILED.
       REQUEST TO SUBPEONA PHONE RECORDS FROM GANDER HILL
42     12/18/2001
       DEFENDANT'S LETTER FILED.
       TO: JAY EDINGER
       REGARDING PSYCHIATRIC EVALUATION AND OTHER MATTER REGARDING CASE.
40     12/21/2001
       ORDER SCHEDULING TRIAL FILED.
       TRIAL DATE:__2/19/02
       CASE CATEGORY:_____1
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): SCD
       UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
       OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
       FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
       CONTINUANCE REQUESTS WILL BE DENIED.
43     12/28/2001
       STATE'S WITNESS SUBPOENA ISSUED.
       TO DONNA CLECKLEY, KEITH MURPHY, EMILY CUNNINGHAM, AND DET. DONLON.
45     01/02/2002
       MEMORANDUM FILED.ADDRESSED TO RAY SCOTT, SPECIAL INVESTIGATION UNIT.
       FILED BY MR. WINN.
47     01/02/2002
       DEFENDANT'S LETTER FILED.
44     01/10/2002
       DEFENDANT'S LETTER FILED.
       T: JOHN S EDINGER
       RE: EVIDENCE IN PENDING CASE
50     01/14/2002
       DEFENDANT'S LETTER FILED.
       RE: RULE 16.(E) EXPERT WITNESSES
46     01/18/2002
       DEFENDANT'S LETTER FILED.DEFENDANT LETTER TO MR. EDINGER REQUESTING
       FOR A COPY OF THE ORIGINAL PETITION FILED BY MS.CLECKLEY WITH
       FAMILY COURT.COPY OF LETTER IN FILE.
48     02/04/2002
```

A5

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page    6
                    (  as of   10/10/2002  )
```

State of Delaware v.  STEPHEN R WINN                         DOB: 08/31/1962
State's Atty: DONALD R ROBERTS , Esq.        AKA: STEPHEN STEPHEN
Defense Atty: JOHN S EDINGER , Esq.              STEPHEN STEPHEN


```
        Event
No.   Date          Event                             Judge
----------------------------------------------------------------------------
```

        PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.  DATED 01-28-2002
        SUBMITTED BY:__DR. ANTOINETTE DUCREST
        REFERRED TO:__JUDGE CARPENTER
49    02/06/2002
        LETTER FROM COMMISSIONER VAVALA TO COUNSEL
        RE:__COMPETENCY HEARING
51    02/11/2002
        REFERRAL TO COUNSEL MEMORANDUM FILED.
        ATTACHING LETTER/DOCUMENT FROM DEFENDANT.  REFERRED TO DEFENSE COUNSEL
        AS ATTORNEY OF RECORD.  COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE
        COURT AND NOT RETAINED WITH THE COURT'S FILE.  PLEASE ADVISE YOUR
        CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE
        DIRECTED TO YOU. JOHN EDINGER, ESQ
        REFERRED BY:  (AMH)
52    02/13/2002
        MOTION TO FILE OUT OF TIME FILED.
        BY JOHN S. EDINGER
        REFERRED TO J. ARRINGTON 2/13/02
      02/13/2002
        STATE'S WITNESS SUBPOENA ISSUED ON 02/07/02 TRIAL 02/19/02
        DAG: ROBERTS
        DONNA CLECKLEY
        KEITH MURPHY
        DET DONLON NCCPD
        EMILY CUNNINGHAM FOWLI BLOOD BANK OF DELAWARE
55    02/13/2002
        MOTION TO SEVER FILED.
        REFERRED TO JUDGE DEL PESCO ON 02142002.
        JOHN S. EDINGER ESQ.
57    02/13/2002
        LETTER FROM: JOHN EDINGER        TO: JUDGE GEBELEIN
        RE:  REQUEST FOR AN OFFICE CONFERENCE
54    02/14/2002
        SUPPRESSION HEARING - CONTINUED.
        COURT'S REQUEST-DATA ENTRY ERROR.
63    02/14/2002
        LETTER FROM: JOHN EDINGER          TO: JUDGE GEBELEIN
        RE: REQUEST FOR OFFICE CONFERENCE REGARDING MOTION TO PROCEED PRO SE.
      02/15/2002                              DEL PESCO SUSAN C.
        ORDER: #55 DENIED.
56    02/15/2002                              DEL PESCO SUSAN C.
        HEARING HELD BEFORE JUDGE DEL PESCO REGARDING 2 ISSUES

                                 A6

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    7
                      ( as of  10/10/2002 )

 ate of Delaware v.  STEPHEN R WINN                    DOB: 08/31/1962
 ctate's Atty: DONALD R ROBERTS , Esq.    AKA: STEPHEN STEPHEN
 Defense Atty: JOHN S EDINGER , Esq.           STEPHEN STEPHEN


      Event
 No.  Date           Event                          Judge
------------------------------------------------------------------------------
      DEFT'S MOTION TO SEVER PDWBPP(1889) DENIED
      DEFT'S MOTION TO SELF REPRESENT(DISMISS EDINGER AS COUNSEL) DENIED
      TRIAL DATE OF 2/19/02 STANDS
 62   02/18/2002
      LETTER FROM: JOHN EDINGER       TO: STEPHEN WINN
      RE: RESPONSE TO LETTER REQUESTING CERTAIN ITEMS OF EVIDENCE.
 58   02/19/2002                                 CARPENTER WILLIAM C. JR.
      TRIAL CALENDAR- WENT TO TRIAL JURY
 64   02/19/2002
      LETTER FROM JOHN EDINGER, ESQ. TO STEPHEN WINN
      RE: TO CONFIRM OUR DISCUSSION IN LOCK UP TODAY.
 59   02/20/2002
      STIPULATION FILED AS TO COUNT VII OF THE INDICTMENT CHARGES STEVEN
      WINN WITH POSSESSION OF A DEADLY WEAPON BY A PERSON PROHIBITED. THERE
      ARE TWO ELEMENTS TO THE CHARGE OF POSSESSION OF A DEADLY WEAPON BY A
      PERSON PROHIBITED. THE FIRST ELEMENT IS THAT STEVEN WINN POSSESSED A
      DEADLY WEAPON; THE SECOND ELEMENT IS THAT STEVEN WINN WAS PROHIBITED
      FROM POSSESSING A DEADLY WEAPON BECAUSE OF A PRIOR FELONY CONVICTION.
      THE DEFT. AND THE STATE STIPULATE THAT STEVEN WAS PROHIBITED FROM
      POSSESSING A DEADLY WEAPON BECAUSE OF A PRIOR FELONY CONVICTION.
      THEREFORE, IN ORDER TO FIND STEVEN WINN GUILTY OF THE POSSESSION OF A
      DEADLY WEAPON BY A PERSON PROHIBITED, YOU NEED TO FIND, BEYOND A
      REASONABLE DOUBT, THE DEFT WAS IN POSSESSION OF A DEADLY WEAPON. IF
      HOWEVER, YOU FIND THE STATE HAS NOT PROVEN BEYOND A REASONABLE DOUBT
      THAT THE DEFT DID POSSESS A DEADLY WEAPON, YOU MUST FIND HIM NOT
      GUILTY OF COUNT VII OF THE INDICTMENT.
 61   02/22/2002                                 CARPENTER WILLIAM C. JR.
      CHARGE TO THE JURY FILED.
 60   02/25/2002                                 CARPENTER WILLIAM C. JR.
      JURY TRIAL HELD. DEFT FOUND GUILTY OF 01031882 (RAPE 1ST), 01031885
      (KIDNAPPING 1ST) 01031888 (ASSAULT 2ND LIO.), 010301892 (TERR. THREAT)
      AND 01031891 (CRIM. CONTEMPT).
      JUDGE CARPENTER
      COURT CLERK: C. MILSOM AND S.NAPIER(FOR VERDICT ONLY) & KEMPSKI(TRIAL)
      COURT REPORTER: VERECHIA
      DEFENSE ATTY: JOHN EDINGER
      STATE'S ATTY: DONALD ROBERTS
      TRIAL DATES: 02/19/02, 02/20/02, 02/21/02, AND 02/22/02.
      PSI ORDERED. BAIL REVOKED. BAIL CONDITIONS REMAIN THE SAME. SENT SCH.
      FOR 05/03/02.
 65   03/13/2002
      DEFENDANT'S LETTER FILED.
```

A7

SUPERIOR COURT CRIMINAL DOCKET                    Page    8
( as of   10/10/2002 )

State of Delaware v.  STEPHEN R WINN                    DOB: 08/31/1962
State's Atty: DONALD R ROBERTS , Esq.      AKA: STEPHEN STEPHEN
Defense Atty: JOHN S EDINGER , Esq.              STEPHEN STEPHEN

       Event
No.   Date          Event                              Judge
-----------------------------------------------------------------------
      DEFENDANT LETTER TO MR.EDINGER REQUESTING THAT HE START AN APPEAL
      ON HIS CASE.WOULD ALSO LIKE TO KNOW HIS POSITION ON THE SENTENCING
      PHASE OF HIS TRIAL.
66    04/03/2002                          CARPENTER WILLIAM C. JR.
      EMAIL FILED TO JUDGE CARPENTER FROM DONALD ROBERTS, DEPUTY ATTORNEY
      GENERAL
      RE: YOUR HONOR PRESIDED OVER THE TRIAL OF THE ABOVE DEFENDANT WHO WAS
      FOUND GUILTY OF RAPE 1ST DEGREE AND KIDNAPPING 1ST DEGREE, ETC. IN
      CHECKING JIC, I NOTICED THAT SENTENCING IS SCHEDULED FOR MAY 3RD, 2002
      I LONG AGO PUT IN FOR A VACATION DAY FOR MAY 3RD AND WOULD REQUEST
      THAT SENTENCING EITHER BE MOVED UP OR BACK. AT PRESENT, I HAVE NO
      OTHER VACATION PLANS UNTIL AUGUST. INASMUCH AS THERE IS SUBSTANTIAL
      MINIMUM MANDATORY TIME, THE DEFENDANT WOULD NOT BE PREJUDICED BY THE
      RE-SCHEDULING.
67    05/21/2002
      LETTER FROM: STEPHEN WINN   TO: MR. EDINGER
      RE:SENTENCE DATE.TRANSCRIPTS OF TRIAL
      05/31/2002                          CARPENTER WILLIAM C. JR.
      SENTENCING CALENDAR: DEFENDANT SENTENCED.
      05/31/2002                          CARPENTER WILLIAM C. JR.
      SENTENCE: ASOP ORDER SIGNED AND FILED 09/04/02.
68    06/10/2002
      LETTER FROM: STEPHEN WINN  TO: MR. EDINGER
      RE:TRANSCRIPTS,APPEAL
69    06/18/2002
      LETTER FROM SUPREME COURT TO KATHLEEN FELDMAN, COURT REPORTER
      RE: A NOTICE OF APPEAL WAS FILED ON JUNE 10, 2002.
      THE TRANSCRIPT MUST BE FILED WITH THE PROTHONOTARY NO LATER
      THAN JULY 28, 2002.
      328, 2002
70    06/21/2002
      TRANSCRIPT FILED.
      SENTENCING TRANSCRIPT, MAY 31, 2002.
      BEFORE JUDGE CARPENTER.
71    06/26/2002
      LETTER FROM: STEPHEN WINN  TO: MR. JOHN EDINGER
      RE:WOULD LIKE TO HAVE THE CASE NUMBER FOR HIS APPEAL.
72    06/28/2002
      LETTER FROM: STEPHEN WINN  TO: JOHN EDINGER
      RE:MOTION TO WITHDRAW
75    07/10/2002
      DEFENDANT'S LETTER FILED. REQUESTED COPY OF DOCKET RECEIVED 7/10/02.

A8

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page    9
                       ( as of  10/10/2002 )

 tate of Delaware v.  STEPHEN R WINN                    DOB: 08/31/1962
 tate's Atty: DONALD R ROBERTS , Esq.      AKA: STEPHEN STEPHEN
Defense Atty: JOHN S EDINGER , Esq.            STEPHEN STEPHEN


        Event
No.  Date              Event                          Judge
----------------------------------------------------------------------------
        MAILED TO DEFENDANT ON 7/23/02.
76   07/10/2002
        DEFENDANT'S LETTER FILED. RE: NOTES OF APPEAL. SENT MR. WINN DOCKET
        ON 7/23/02.  KB
73   07/17/2002
        DEFENDANT'S LETTER FILED.
        RE: APPEAL
74   07/17/2002
        DEFENDANT'S LETTER FILED.
        RE:APPEAL
84   07/23/2002
        LETTER FROM FROM SUPREM COURT TO DOMENIC VERCHIA, COURT REPORTER
        RE: EXTENSION IS GRANTED THE TRANSCRIPT IS DUE AUGUST 19, 2002.
77   07/29/2002
        DEFENDANT'S LETTER FILED.
        RE: INEFFECTIVE DEFENSE/INFO REGRADING APPEAL AND BRIEF
78   07/29/2002                          CARPENTER WILLIAM C. JR.
        MOTION FOR MODIFICATION OF SENTENCE FILED.
        PRO SE REFERRED TO JUDGE CARPENTER
        REFERRED TO PRESENTENCE FOR JUDGE CARPENTER 8-6-02
79   08/05/2002
        LETTER FROM:STEPHEN WINN  TO:JOHN EDINGER
        RE:DEFENDANT REQUESTING FOR MR.EDINGER TO FILE A MOTION TO WITHDRAW
80   08/15/2002
        TRANSCRIPT FILED.
        TRIAL TRANSCRIPT FILED. FEBRUARY 22, 2002.
        BEFORE JUDGE CARPENTER AND JURY.
81   08/15/2002
        TRANSCRIPT FILED.
        TRIAL TRANSCRIPT. FEBRUARY 21,2002.
        BEFORE JUDGE CARPENTER AND JURY.
83   08/15/2002
        TRANSCRIPT FILED.
        TRIAL TRANSCRIPT. FEBRUARY 19, 2002.
        BEFORE JUDGE CARPENTER AND JURY.
82   08/20/2002
        TRANSCRIPT FILED.
        TRIAL TRANSCRIPT. FEBRUARY 20,2002.
        BEFORE JUDGE CARPENTER AND JURY.
     08/21/2002
        RECORDS SENT TO SUPREME COURT.
86   09/04/2002
```

A9

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page   10
                       ( as of  10/10/2002 )

State of Delaware v.  STEPHEN R WINN                         DOB: 08/31/1962
State's Atty: DONALD R ROBERTS , Esq.       AKA: STEPHEN STEPHEN
Defense Atty: JOHN S EDINGER , Esq.              STEPHEN STEPHEN

          Event
No.    Date              Event                          Judge
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
       MOTION TO DISMISS CURRENT COUNSEL AND COURT TO APPOINT NEW COUNSEL
       FILED.  (PRO-SE) REFERRED TO JUDGE CARPENTER

             *** END OF DOCKET LISTING AS OF  10/10/2002 ***
                   PRINTED BY: CSCSWAS
```

A10

117

CUNNINGHAM - DIRECT

1  lawyers get paid for what?
2      A. Emergency.
   Q. And it also means than one party is not
4  necessarily represented?
5      A. Right.
6      Q. Did the court enter an emergency or an ex parte
7  protection from abuse on the 23rd of February?
8      A. Yes, they did.
9      Q. Now, to the best of your knowledge, at some
10 later date did the defendant get served with that order
11 from the 23rd of February?
12     A. Yes.
13     Q. Okay. And did you also accompany Ms. Cleckley
14 to the family court on the 2nd of March of last year?
15     A. Yes, I did.
16     Q. Okay. And what was the purpose of being there
17 on the 2nd of March?
18     A. Same thing, again, just to a routine
19 accompaniment. And we did it typically so domestic
20 violence victims did not have to be by themselves while
21 they were facing their abusive partner in court.
22     Q. Okay. And did the defendant consent to the
23 order?

118

CUNNINGHAM - DIRECT

1      A. I was not in the courtroom. I was sitting
2  outside because there were other people in there. But,
3  yes, he did.
4      Q. What are some of the things that the order
5  typically requires of a person who's under an order?
6      A. No abuse; no contact; a stay away from the
7  victim and any children that they may have; normally the
8  possession of a home, especially if both parties had
9  been living in the home prior to the time the PFA
10 occurred; sometimes counseling of some sort.
11     Q. Okay. Now, after the order had been consented
12 to -- I think you indicated you were outside the
13 courtroom --
14     A. Yes.
15     Q. -- did you observe anything unusual?
16     A. I did.
17     Ms. Cleckley came out and sat down in between
18 myself and an intern who had been in the courtroom with
19 her. And she sat down to my right. And I was looking
20 at her. And we were -- I asked her how it had gone.
   And it was probably a minute or two and Mr. Winn came
22 out of the courtroom in shackles accompanied by a court
23 or a police officer of some sort, I guess.

119

CUNNINGHAM - CROSS

1      And he stopped and he looked over, over his,
2  kind of to his left. And I saw him look at me. And so
3  I averted my eyes. Because the last thing you want to
4  do is make the situation that you feel is already
5  uncomfortable worse. And I looked at Ms. Cleckley. And
6  I looked back up. And he looked right at her and said,
7  You better buy a gun. And he kept walking.
8      Q. This is after he had consented to having no
9  contact?
10     A. Yes.
11     MR. ROBERTS: Thank you, Ms. Cunningham. I
12 have no further questions.
13
14              CROSS-EXAMINATION
15
16 BY MR. EDINGER:
17     Q. Just a few questions, Ms. Cunningham.
18     Maybe just clear me up on your background.
19 What's your relationship with this -- the women's
20 shelter again?
21     A. I was employed by Child, Inc., for four years.
22 And I'm certified as a domestic violence specialist.
23     Q. Okay. I'm sorry. A domestic violence

120

CUNNINGHAM - CROSS

1  specialist?
2      A. Um-hmm.
3      Q. By whom are you employed?
4      A. Now I'm not employed by the same agency. But I
5  was employed by Child, Inc. It's a nonprofit
6  organization.
7      Q. Child, Inc.?
8      A. Yes.
9      Q. And is your job at the time entail counseling?
10 Is that what you said?
11     A. It did. I worked at one of the shelters for
12 two years, at which point, yes. And when I was in
13 family court, I didn't have, you know, the counselor
14 title. But it's a part of your daily work when you work
15 with domestic --
16     Q. What goes into counseling? I think you talked
17 about you work with victims; you talked about the cycle
18 of violence; you tell them what DV is?
19     A. Yes. It's basically helping in any way you
20 can, whether it's just talking, whether it's giving
21 referrals out to other agencies, explaining the cycle of
22 domestic violence, kind of the legal system and how it
23 works.

A27

IN <u>THE SUPREME COURT</u> OF THE STATE OF DELAWARE

328 , 2002

J. S. EDINGER                          STEPHEN WINN,
                                           Defendant Below,
                                           Appellant,

                                       v.

W. M. KELLEHER                         STATE OF DELAWARE,
                                           Plaintiff Below,
                                           Appellee.

DF $ 00.00

2002

| | | | |
|---|---|---|---|
| 1 | Jun | 10 | Notice of appeal from the Order dated 05/31/02 in the Superior Court in and for New Castle County, by Judge Carpenter, in Cr. A. Nos. IN01-03-1882 through -1892; Cr. ID No. 0103012308, with designation of transcript (served by hand 6/10/02) (mfm) (afb). |
| 2 | Jun | 10 | Directions to court reporter of proceedings below to be transcribed pursuant to Rule 9(e) by appellant. (service shown on court reporter by mail 06/05/02) (mfm) |
| 3 | Jun | 12 | Letter dated 6/12/02 from Assistant Clerk to Kathleen Feldman, transcript is due to be filed by 7/18/02 (afb) |
| 4 | Jul | 01 | Letter dated 06/26/02 <u>from Stephen R. Winn to Clerk asking if his notice of appeal had been filed.</u> (no service shown) (mfm) (copy of docket sheet sent)(dlw) |
| 5 | Jul | 12 | Letter dated 7/12/02 from Chief Deputy Clerk to John S. Edinger, Esquire, forwarding Stephen Winn's 6/26/02 <u>letter for appropriate disposition.</u> (dlw) |
| 6 | Jul | 17 | Copy of letter dated 7/15/02 <u>from Stephen Winn</u> to <u>Angelo Falasca, Esquire regarding his representation in this matter.</u> (no service shown) (mfm) |
| 7 | Jul | 18 | Letter dated 7/15/02 from Domenic Verechia requesting a 30-day extension of time to file the transcript (afb) |
| 8 | Jul | 19 | Letter dated 7/19/02 from Assistant Clerk to Domenic Verechia granting his request for an extension of time to file the transcript by 8/19/02 (afb). |
| 9 | Jul | 25 | Copy of undated letter from Stephen Winn to Judge Carpenter, <u>regarding his appeal.</u> (eas) |
| 10 | Aug | 01 | Copy of letter dated 7/30/02 from Stephen Winn to John Edinger, Esquire, <u>regarding his appeal.</u> (eas) |
| 11 | Aug | 12 | Letter dated 8/8/02 <u>from Stephen Winn to Clerk,</u> <u>regarding his appeal.</u> (eas) |

| 12 | Aug | 13 | Letter dated 8-13-02 from Clerk to John S. Edinger, Esq <u>forwarding Mr. Winn's document for</u> appropriate disposition. (clh) |
|----|-----|----|----|
| 13 | Aug | 23 | Record w/ transcript. (mfm) |
| 14 | Aug | 23 | Copy of letter dated 8/20/02 from Steven R. Winn to John S. Edinger, Esq., informing him that he has been transferred to Delaware Correctional Center and stating that <u>he has received no information</u> from Mr. Edinger <u>regarding his appeal</u> (afb). |
| 15 | Aug | 23 | Letter dated 8/20/02 <u>from Stephen R. Winn to Clerk providing his new address at Delaware Correctional Center</u> (afb). |
| 16 | Aug | 26 | Court reporter's final transcript log entry: Prothonotary received 8/19/02. (eas) |
| 17 | Aug | 26 | Brief schedule issued. (opening brief due 9/25/02) (eas) |
| 18 | Sep | 09 | Letter dated 9/5/02 <u>from Stephen Winn, requesting a docket sheet</u>. (sent) (eas) |
| 19 | Sep | 23 | Copy of letter <u>from Stephen R. Winn to John S. Edinger, Esquire, regarding his appeal</u>. (eas) |
| 20 | Sep | 24 | Motion for extension of time by appellant. (served by hand 9/24/02) (dlc) |
| 21 | Sep | 26 | Order dated 9/26/02 by Holland, J., appellant's opening brief and appendix are due 10/25/02. (eas) |
| 22 | Oct | 07 | Letter dated 10/3/02 from Stephen Winn to Clerk, <u>requesting a docket sheet.</u> (sent) (eas) |
| 23 | Oct | 25 | Appellant's opening brief and appendix. (served by hand 10/25/02) (mfm) |
| 24 | Oct | 29 | Copy of letter dated 10-24-02 <u>from Judge Carpenter to appellant</u>, <u>regarding the dismissal of counsel.</u> (clh) |
| 25 | Oct | 29 | Letter dated 10-27-02 <u>from Mr. Winn to Clerk, requesting a copy of the opening brief and appendix.</u> (clh) |
| 26 | Oct | 29 | Letter dated 10-29-02 from Clerk to John S. Edinger, Jr Esquire, <u>forwarding Mr. Winn's letter for appropriate disposition.</u> (clh) |
| 27 | Oct | 31 | Brief deficiency notice dated 10/31/02 from Assistant Clerk to appellant (corrections due 11/7/02 (afb). |
| 28 | Nov | 04 | Letter dated 11/04/02 from John S. Edinger, Jr., Esquire to Assistant Clerk enclosing brief corrections. (service shown) (mfm) |
| 29 | Nov | 07 | Appellee's answering brief. (served by hand 11/07/02) |

(mfm)

| 30 | Nov | 13 | Notice dated 11-13-02 from Clerk to counsel, the case will be submitted for decision on briefs as of 12-17-02 (clh) (ENV,JTW,CB) |

| 31 | Nov | 21 | Letter dated 11/19/02 from Stephen Winn to Clerk, requesting a docket sheet. (sent) (eas) |

| 32 | Dec | 03 | Copy of a letter dated 11-29-02 from appellant to John S. Edinger, Jr., Esquire, regarding the transcript. (clh) |

| 33 | Dec | 23 | Copy of Motion for Transcript filed by Stephen Winn. (eas) |

| 34 | Dec | 23 | Letter dated 12/23/02 from Senior Court Clerk to John S. Edinger, Esquire, forwarding a copy of Mr. Winn's document for appropriate disposition. (eas) |

2003

| 35 | Jan | 10 | Document entitled "Motion to Dismiss Current Counsel and for Court to Appoint New Counsel" by Stephen Winn. (eas) |

| 36 | Jan | 15 | Letter dated 1/13/03 from Senior Court Clerk to John S. Edinger, Esquire, forwarding a copy of Mr. Winn's document for appropriate disposition. (eas) |

| 37 | Jan | 22 | Letter dated 1/18/03 from Stephen Winn to Senior Court Clerk, requesting a docket sheet. (sent) (eas) |

| 38 | Feb | 13 | Document from Stephen Winn requesting to proceed pro se. (eas) |

| 39 | Feb | 20 | Letter dated 2/20/03 from Senior Court Clerk to John S. Edinger, Esquire, forwarding Mr. Winn's document for appropriate disposition. (eas) |

| 40 | Mar | 19 | Order dated 03/19/03 by Berger, J., AFFIRMED (ENV,JTW, CB) (mfm) |

| 41 | Mar | 21 | Letter dated 3-18-03 from Stephen R. Winn to Clerk, requesting a copy of the docket sheet. (sent)(clh) |

| 42 | Mar | 24 | Copy of letter dated 3/20/03 from Stephen Winn to John S. Edinger, Jr., Esquire, regarding his appeal. (eas) |

| 43 | Apr | 04 | Record and mandate to clerk of court below. Case Closed (afb). |

| 44 | Apr | 14 | Prothonotary's receipt of record and mandate on 4/8/03. (eas) |

| 45 | Apr | 17 | Letter dated 4/15/03 from Stephen Winn, requesting a docket sheet. (sent) (eas) |

| 46 | Apr | 29 | Undated letter from Stephen R. Winn inquiring whether a |

decision has been made in his appeal (no service shown)
(docket sheet sent) (afb).

47   Jun   03      Letter dated 5/31/03 from appellant to Clerk,
                   requesting a docket sheet. (sent) (eas)

48   Jul   11      Letter dated 7/9/03 from appellant to Clerk, requesting
                   a docket sheet. (sent) (eas)

49   Aug   07      Letter dated 8/5/03 from Stephen R. Winn requesting a
                   copy of the docket sheet (copy sent) (afb).

50   Aug   19      Copy of letter dated 8/16/03 to John Edinger, Esquire
                   from Stephen Winn, inquiring as to the status of his
                   appeal. (eas)

51   Aug   21      Letter dated 8/19/03 from Stephen Winn to Senior Court
                   Clerk, inquiring as to the status of his appeal. (eas)

52   Aug   26      Letter dated 8/26/03 from Senior Court Clerk to
                   appellant, advising that the Court no longer has
                   jurisdiction to address the matters raised in his
                   letter. (eas)

"NEVER HEARD FROM COUNSEL
WHATSOEVER"