# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STEPHEN R. WINN**, | ) |
|     Petitioner | ) ) ) |
| v. | )    Civ. Act. No. 06-38-GMS |
| **THOMAS CARROLL**, Warden, et al., | ) ) ) ) |
|     Respondents | ) |

### MOTION FOR LEAVE TO FILE
### STATE COURT RECORDS OUT OF TIME

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, respondents move for leave to file out of time certain state court records. In support thereof, respondents state the following:

1. The petitioner, Stephen Winn, has applied for federal habeas relief. The Court directed respondents on May 19, 2008 to file by June 20, 2008 specific portions of the trial transcript. DI 30. Because the originally assigned prosecutor had been transferred to a different unit in the Department of Justice, the undersigned undertook to obtain the transcript. Consistent with long-standing state court practice, the undersigned filed with Superior Court on June 10 a motion for leave to obtain the particular certified copies. (*See* attached excerpt of Superior Court docket [DI 132].) A Superior Court judge signed the motion on June 18. (*See* attached excerpt of Superior Court docket [DI 133].) At this point, two independent lapses in procedure occurred: the undersigned inexplicably overlooked the June 20 deadline, and Superior Court personnel did not advise the undersigned that the motion had been granted. Moreover, because of a recurring medical problem, the undersigned was out of

the office for substantial periods of time and did not check the state court docket to ascertain if the motion had been signed.

2. On Friday, July 11, the undersigned learned that Winn had filed a pleading captioned "Motion for Summary Judgment," complaining about respondents' failure to have filed the particular state court transcripts by June 20. DI 31. At that point, the undersigned ascertained that a Superior Court judge had granted the motion for leave to obtain the particular certified copies, and he contacted the Prothonotary to arrange to obtain the copies. The particular transcripts were obtained the morning of Monday, July 14 and were filed with the Clerk the same day.

3. The undersigned obviously regrets the oversight on his part. However, the undersigned submits that under the circumstances, the lapse in the filing of the particular transcripts constitutes excusable neglect within the terms of Civil Rule 6(b)(2). As such, allowing the filing of the transcripts out of time is warranted.

4. This is respondents' first request for an extension of time in this regard.

5. Respondents submit herewith a proposed order.

                                                  /s/ Loren C. Meyers
Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 2210
loren.meyers@state.de.us

July 14, 2008

```
                     SUPERIOR COURT CRIMINAL DOCKET                   Page    14
                         ( as of  07/11/2008 )

State of Delaware v.  STEPHEN R WINN                              DOB: 08/31/1962
State's Atty: DONALD R ROBERTS , Esq.       AKA: STEPHEN STEPHEN
Defense Atty: JOHN S EDINGER , Esq.              STEPHEN STEPHEN


          Event
No.       Date            Event                                   Judge
-------------------------------------------------------------------------------
          REQUEST IS DENIED.
125   04/14/2005
          MANDATE FILED FROM SUPREME COURT:  CASE REMANDED TO SUPERIOR COURT.
          SUPREME COURT CASE NO: 27, 2005
          PURPOSE: THE APPEAL IS REMANDED TO SUPERIOR COURT FOR
          SIXTY DAYS TO PERMIT THAT COURT TO RULE ON WINN'S AMENDED
          POSTCONVICTION MOTION. JURISDICTION IS RETAINED, RECORD
          IS TO BE RETURNED BY JUNE 6, 2005
          SUBMITTED: MARCH 21, 2005
          DECIDED: APRIL 7, 2005
126   05/05/2005
          DEFENDANT'S LETTER FILED. AMENDMENT FOR MOTION. ATTACHED ARE CORRECT
          PAGES FOR B4 & B5.
          REFERRED TO JUDGE CARPENTER
127   06/06/2005                                        CARPENTER WILLIAM C. JR.
          ORDER: ON DEFENDANT'S PRO SE MOTION FOR POSTCONVICTION RELIEF:DENIED
          IT IS SO ORDERED
128   06/13/2005
          LETTER FROM SUPREME COURT TO STEPHEN WINN
          RE: DESIGNATION OF TRANSCRIPT.
129   06/23/2005
          LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
          RE: THE RECORD IS DUE IN SUPREME COURT BY JULY 14, 2005.
          27, 2005
      06/28/2005
          RECORDS SENT TO SUPREME COURT.
130   07/05/2005
          RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.
          27, 2005
131   01/03/2006
          MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
          SUPREME COURT CASE NO: 27, 2005
          SUBMITTED: OCTOBER 7, 2005
          DECIED: DECEMBER 8, 2005
          BEFORE STEELE, CHIEF JUSTICE, BERGER AND RIDGELY, JUSTICES
132   06/10/2008
          PETITION TO OBTAIN STATE COURT RECORDS FILED.
          BY LOREN MEYERS,DAG
          REFERRED TO ISO FOR JUDGE CARPENTER
133   06/18/2008                                        CARPENTER WILLIAM C. JR.
          PETITION TO OBTAIN STATE COURT RECORDS - GRANTED.

               *** END OF DOCKET LISTING AS OF  07/11/2008 ***
                        PRINTED BY: JAGVLCM
```

**RULE 7.1.1 CERTIFICATION**

I hereby certify that I have neither sought nor obtained the consent of the petitioner, who is in the custody of the Delaware Department of Correction and appearing *pro se*, to the subject matter of this motion.

                                           Loren C. Meyers
                                           Deputy Attorney General

                                           Counsel for Respondents

July 14, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STEPHEN R. WINN,** | ) |
| Petitioner | ) ) ) |
| v. | )  Civ. Act. No. 06-38-GMS |
| **THOMAS CARROLL**, Warden, et al., | ) ) ) ) |
| Respondents | ) |

## ORDER

This ____ day of _____, 2008,

WHEREAS, respondents have requested leave to file out of time certain state court records the production of which this Court had ordered, and

WHEREAS, it appears to the Court that the error on the part of counsel for respondents was because of excusable neglect,

IT IS HEREBY ORDERED that respondents are granted leave to file out of time the state court records previously directed by this Court on May 19, 2008.

_____
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on July 14, 2008,

1. He caused two copies of the attached document (Motion for Leave to File State Court Records Out of Time) to be deposited in the United States Mail, first class postage prepaid, addressed to the following non-registered participant:

Stephen R. Winn
No. 177957
Vaughn Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

2. He electronically filed the Motion for Leave to File State Court Records Out of Time with the Clerk of the District Court using CM/ECF.

Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us